STATE OF MISSOURI, Respondent, v. F. M. HOWELL, Appellant.

**St. Louis Court of Appeals, February 13, 1900.**

1. **Indictment: SLOT-MACHINE: GAMBLING DEVICE.** The indictment is grounded on section 2199, Revised Statutes 1899, and avers that the machine, the slot-machine "was made, designed and used for the purpose of playing games of chance for money and property," which is sufficient.

2. ———: ———: NOT PER SE GAMBLING DEVICE. A slot-machine is not *per se* a gambling device, as it may be used or played upon for innocent purposes, the use, therefore, to which the device is put, determines its character.

Appeal from Christian Circuit Court.—*Hon. George F. Longan*, Special Judge.

AFFIRMED.

*Watson & Gideon* for appellant.

(1) The indictment does not charge defendant with using any device named in section 3810, Revised Statutes 1889 (the section under which the indictment is drawn). (2) The court should be able by an inspection of the indictment to

determine whether a crime is charged. If the device is named in the section and denounced by it, it is as a matter of law a gambling device—but if it requires proof to determine whether or not it is a gambling device, it should be described in the indictment. State v. Ragsdale, 59 Mo. App. 590; State v. Fare, 39 Mo. App. 112; State v. Davis, 70 Mo. 467; State v. Rockford, 52 Mo. 199; State v. Gardner, 28 Mo. 90. (3) The "slot-machine" is not named in section 3810, Revised Statutes 1889, and is not *ejusdem generis* to any device named therein—and its operation is not in violation of said section; for when particular classes are followed by general words, the general words will be limited in their meaning and restricted to objects of like kind. State v. Bryant, 90 Mo. 534; State v. Schurman, 133 Mo. 111; State v. Kruger, 134 Mo. 262; State v. South, 136 Mo. 673. (4) If the slot-machine is not named in the statutes and is not *ejusdem generis* to the device, therein named, then it is not as a matter of law a gambling device, and it was error for the court to so declare it in instruction number 1, given for the state; but whether it was a gambling device or not was question of fact and should have been submitted to the jury, as requested in defendant's refused instruction number 2. (5) It appears from the indictment and from the evidence, the defendant was a dramshop keeper and the keeping of the slot-machine in his saloon, if a gambling device was in violation of the act specially relating to dramshop keepers, and he should have been proceeded against under section 28, of an act approved April 20, 1891, Session Acts 1891, p. 128. State v. Green, 24 Mo. App. 227; State v. Green, 87 Mo. 583; State v. Debar, 58 Mo. 395; State v. Witty, 74 Mo. App. 550. (6) The legislature of the state of Missouri has recognized the slot-machine as a proper subject for license by towns operating under special charters, thus negativing the contention that they are gambling devices, or to be so considered in this state. Session Acts 1897, p. 55.

*W. A. Long* for respondent.

If the indictment in this case had been under section 3808, Revised Statutes 1889, then the alleged gambling device should have been described, as a slot-machine is not named in the section and other gambling devices are: Therefore, the principle of *ejusdem generis* would apply. State v. Gilmore, 98 Mo. 206.    But in section 3810, Revised Statutes 1889, no specific kind of a gambling device whatever is mentioned.    Therefore, *ejusdem generis* does not apply.    It is sufficient, therefore, under this section to allege that the slot-machine is a gambling device designed and used as such, and then prove the facts.    Hence the indictment in this case is good.    State v. Gilmore, 98 Mo. 206; State v. Scaggs, 33 Mo. 92; State v. Herryford, 19 Mo. 377; State v. Flack, 24 Mo. 378; State v. Mitchell, 6 Mo. 147; State v. Purdom, 3 Mo. 114; State v. Dyson, 39 Mo. App. 297; State v. Trott, 36 Mo. App. 29; State v. Torphy, 66 Mo. App. 434; State v. Mohr, 55 Mo. App. 329.

BLAND, P. J.—Defendant appeals from a conviction and judgment, on the following indictment:
"State of Missouri,
County of Christian.

In the Circuit Court of Christian
County February Term, 1899.

"The grand jurors of the state of Missouri, impaneled and sworn to inquire for the body of the county of Christian, upon their oath present that F. M. Howell, late of the county and state aforesaid, on the first day of June, A. D. 1898, and from that until Jan. 1, 1899, at the county of Christian and state of Missouri did then and there unlawfully and knowingly permit a certain slot-machine and gambling device, to wit, a gambling device commonly called a slot-machine,

made, designed and used for the purpose of playing games of chance for money and property, and did then and there permit said gambling device to be set up and used for the purpose of gambling and playing games of chance for money and property, in a certain building there situate, to wit, the saloon building of F. M. Howell, situate on the west side of the public square, in the town of Ozark, Christian county, Missouri, which said saloon was then and there occupied and used by and in the possession of and under the control of F. M. Howell, and the said F. M. Howell, did then and there permit divers persons whose names are to these grand jurors unknown, to come together in said building and play for money and property at games of chance with, at and on said gambling device and slot-machine, contrary to the laws of the state of Missouri, in such cases, made and provided and against the peace and dignity of the state."

Before trial defendant moved to quash the indictment on the following grounds; which motion was overruled: "First. Because the said indictment charges no offense under the law. Second. Because the alleged gambling device, to wit, 'a slot- machine' is not mentioned as such in the statutes. Third. Because the said slot-machine is not described in the indictment."

J. J. Horton, a witness for the state testified as follows: "I know defendant Howell. His place of business is on the west side of the public square, in Ozark, Christian county, Missouri. He is engaged in the saloon business. He commenced last June. I saw a slot-machine in his saloon. The way you operated it was to put a nickel in a slot and pull the handle down. Sometimes it paid and sometimes it did not. You put a nickel on a certain color—the wheel turned, if the wheel stopped on the color played on, it paid; if it stopped on another color it did not pay. It paid by letting the nickels fall in a little box. I have played the machine and sometimes I lost and sometimes won."

Horton's testimony was corroborated by state witnesses Craig, O'Neal and Edwards. There was no countervailing evidence offered. The court, for the state, gave the following instructions:

"First. The court instructs the jury, that it is not material that the defendant did not operate the machine himself, and that he did not participate in the profits or losses thereof; all that is necessary is that he permitted it to be run in a building occupied by him, if you believe such machine to have been a gaming device."

"Second. The court instructs the jury, that if they find and believe from the evidence that the defendant F. M. Howell, at the county of Christian and state of Missouri, at any time within one year prior to the filing of the indictment in this case, to wit, March 7, 1899, permitted what is commonly known as a slot-machine—that is to say a machine or device wherein the player deposited a nickel, five cent piece— and turned a crank or moved a lever thus putting in motion said machine or device, resulting in the loss of the nickel or the winning of more than one nickel, or put in five nickels and turned the crank or moved the lever, taking the chance of losing three nickels against the chance of winning more than five nickles to be determined upon the stopping of a wheel, put in motion by the turning of said crank or moving of said lever to be run and operated upon premises occupied by him, by permitting persons to play thereat, then you will find the defendant guilty as charged in the indictment; for if you find that said machine or device was so used and operated as above set forth, then under the law it was a gambling device. And if you find the defendant guilty you will assess his punishment at imprisonment in the county jail for a term not less than thirty days nor more than one year, or by a fine of not less than fifty, nor more than five hundred dollars."

The court refused the following instructions asked by the defendant:

"First.    The court instructs the jury that under the facts in evidence in this case you should return a verdict of not guilty.

"Second.    The court instructs the jury that unless they find and believe from the evidence in this case that a game of chance was played by means of the slot-machine, and unless they further find and believe that the game so played is a game of chance or that chance enters into it as a material element, they should find the defendant not guilty."

I.    Counsel for appellant earnestly and ably attack the sufficiency of the indictment.    The indictment is grounded on section 2199, and not on section 2194 Revised Statutes 1899, as contended for by appellant.    The statutes against gambling nowhere name a slot-machine as a gambling device. They are not *per se* gambling devices, since they may be used or played upon for innocent purposes—the courts can not therefore take judicial notice that every slot-machine is a gambling device. The use to which a particular slot-machine is put must determine its character.    If set up for and used as a gambling device, the particular machine while being so used is a gambling device, and it falls within the inhibition of the statute.    The indictment charges that the machine set up in defendant's saloon "was made, designed and used for the purpose of playing games of chance for money and property."    This averment is sufficient to describe the particular slot-machine as a gambling device, and it was not necessary for the pleaders to describe the mechanism of the machine, or the manner in which the game was played thereon; these were proper subjects for proof on the trial.

II.    The appellant contends that being a dramshop keeper he should have been indicted under section 3018, Revised Statutes 1899 of the Dramshop Act, instead of under

section 2196, Revised Statutes 1899.   Section 2990, Revised Statutes 1899, defines a dramshop keeper as follows:   "A dramshop keeper is a person permitted by law, being licensed according to the provisions of this chapter (chapter 22), to sell intoxicating liquors   *   *   *." The witnesses stated that defendant was engaged in the saloon business, and that the slot-machine was set up in his place of business; but defendant did not produce a dramshop license in evidence. Without such license he was not entitled to any of the benefits conferred by the dramshop act, nor was he a dramshop keeper.   The state could not have convicted him under section 3018 of the act, unless it had shown he had a license as a dramshop keeper.   For the same reason he can not complain that he was not proceeded against under the Dramshop Act, without first showing that he had a dramshop license.

III.   Instruction number 2, given on the part of the state is hypothecated on all the evidence adduced on the trial, and correctly declares the law defining a gaming transaction. Instruction number 2 asked by defendant is technically correct as an abstract proposition, but was inapplicable to the facts in evidence, and was properly refused.

Finding no reversible error in the record, the judgment is affirmed.   All concur.