# APPLICATION BY JOHN DOE POTTER
# FOR WRIT OF HABEAS CORPUS

## SUPERIOR COURT, COUNTY OF SONOMA.

### ( Sonoma County Slot Machine Case )

February 8th, 1924.

---

Application by John Doe Potter for writ of habeas corpus. Order made granting the writ and discharging the prisoner.

---

1. GAMING — SLOT MACHINES NOT PER SE GAMBLING DEVICES.

A slot machine is not per se a gambling device since it may be used or played for innocent purposes, and the use to which it is put must determine its character.

2. JUDICIAL NOTICE — SLOT MACHINES — GAMBLING DEVICE.

Courts cannot take judicial notice that every slot machine is a gambling device or a game of chance.

3. GAMING — SLOT MACHINES — MUST HAZARD MONEY OR PROPERTY.

To make the operation of a slot machine unlawful under Pen. Code section 330a, it must be a "device upon the result of which money or other valuable thing is staked or hazarded  *  *  *  when the result of action or operation of such machine, contrivance, appliance or mechanical device is dependent upon hazard or chance" etc.

4. GAMING — SLOT MACHINE HELD NOT GAMBLING DEVICE.

A machine operated by dropping a nickel in the slot and pulling a lever and which always gives the depositor one package of chewing gum, but at intervals it offers and indicates it will give preminum checks, which may be put back into the machine for additional packages of gum at the rate of one package for each check, the things given always being indicated in advance—held in its present construction and operation not to be a gambling machine and its operation not to be a violation of Pen. Code section 330a.

5. CRIMINAL LAW — SLOT MACHINES HELD NOT A LOTTERY.

The essence of a lottery is the chance , and a slot machine that always indicates in advance what it will give and always gives one standard size package of gum, and at times indicates and gives in addition checks which may be put back into the machine for additional packages lacks the element of chance and is not in violation of Pen. Code Sections 319 and 320 relating to lotteries.

---

**Ross Campbell, Judge.**

---

In the Superior Court of the State of California,

In and for the County of Sonoma.    Dept. One.

In the matter of the Application

of                                              No. 1232-C.

John Doe Potter for a Writ of Habeas Corpus.

Order Granting Writ and Discharging Prisoner.

In this matter the prisoner petitions the Court to be discharged from custody on the ground that he is unlawfully restrained of his liberty.    The complaint on which he is held alleges that at No. 15, Western Avenue, in the City of Petaluma, the petitioner did place, maintain and keep one slot or card machine or mechanical device upon the result of the action of which money or other valuable thing was staked or hazarded, said machine being operated by depositing therein coins, checks, slugs, in violation of section 330a of the Penal Code.

Section 330a of the Penal Code for the violation of the provisions of which the petitioner was arrested is as follows:

> "Every person who has in his possession or under his control   *   *   *   any slot or card machine, contrivance, appliance, or mechanical device upon the result of action of which money or other valuable thing is staked or hazarded, and which is operated or

> played by placing or depositing therein any coins, checks, slugs, balls or other articles or device * * * or as a result of the operation of which any merchandise, money representative or articles of value, checks or tokens redeemable in or exchangable for money or any other thing of value is won or lost or taken from or obtained from such machine when the result of action or operation of such machine, contrivance, appliance, mechanical device is dependant upon hazard or chance * * * * is guilty of a misdemeanor" etc.

A slot machine is not per se a gambling device, since it may be used or played, for innocent purposes; and the courts cannot therefore take judicial notice that every slot machine is a gambling device or game of chance. The use to which such machine is put must determine its character. If set up for and used as a gambling device, the particular machine while being so used is a gambling device and falls within the inhibition of the statute, (State vs. Howell, 83 Mo. App. 203). To make the operation of a slot machine under section 330a of the Penal Code unlawful, it must be a "device upon the result of which money or other valuable thing is staked or hazarded * * * * when the result of action or operation of such machine, contrivance, appliance or mechanical device is dependent upon **hazard or chance,**" etc.

The machine in question was exhibited in Court and is a machine operated by dropping a nickel in the slot and pulling a lever by means of which a package of gum of standard size and value is lowered into a receptacle so that the purchaser can get it. Upon the front of the machine in an opening prepared for the purpose is always indicated in advance what will be given the depositor upon each deposit of a nickel and the pulling of the lever. This always consists of one package of gum, but at intervals it offers and indi-

cates it will give premium checks, which may be put back into the machine for additional packages of gum, at the rate of one package for each check.

It is possible that the machine might be operated as a game of chance and violate the statute, but in its present construction and operation it appears to be merely a mechanical vender of gum, which gives a premium at intervals as an inducement to promote trade, and as the indicator plainly notifies the person operating the machine in advance that he will receive such premium, it cannot be said that there is any uncertainty, hazard, or chance connected with its operation.

A slot machine of similar character and evidently the same machine has been held by the Supreme Court of Nevada, the Court of Common Pleas in Ohio, and by the Superior Courts of Santa Clara and Solano Counties in this State not to be a gambling machine nor a game of chance and not unlawful to operate.

Respondent urges that the Nevada case — ex parte Pierotti 184 Pac. 209 — is not in point, as the Nevada statute especially exempts from the operation of the statute "nickel-in-the-slot machines operated for the sale of cigars and drinks and no play back allowed." Unquestionably the slot machine under consideration in the Nevada case, while not a violation of the Nevada statute, would be a violation of Section 330a of our Penal Code, as the machine operated in Nevada, paid cigars or drinks, or nothing, chance being a material element.    The Court, however, in the Pierotti case does define what constitutes a slot machine within the meaning of criminal law, quoting approvingly decisions of other states.

On this subject says the Court:

> "Nickel-in-the-slot machines have a well defined meaning in criminal law.    Slot machines by which the player has a chance of losing the amount he plays are a gambling de-

vice (a hazard or chance). Territory v. Jones, 99 Pac. 338. 20 Ann. Cases, 123 20 L. R. A. (NS) 239.

Ex parte Rogers, 160 Cal. 764, cited by respondent, in which the Supreme Court denied a petition for a writ of habeas corpus, does not parallel the instant case. In the Rogers case the machine did not indicate in advance the number of cigars the outsider would receive on depositing his coin. The number he would receive must have depended on chance, as is apparent from the fact that the Court denied the writ on the ground that "the prisoner's machine operated as it is manifestly designed to operate is nothing more or less than a lottery as defined in section 319 of the Penal Code and by section 320 every person who contrives, prepares or sets it up is guilty of a misdemeanor."

The very essence of a lottery is **chance.** Section 319 defines a lottery as any scheme for the disposal or distribution of property **by chance** among persons who have paid or promise to pay any valuable consideration for the **chance** of obtaining such property etc.

From the facts before the Court upon this petition and as shown by a demonstration of the machine had in the presence of the Court, it would seem that the gum vended by the machine at defendant's place of business is of standard five cent value; that for every purchase or play the purchaser gets a five cent package of gum for his nickel deposited, and therefore he could not lose anything. The operator of the machine or purchaser of the gum gets full value and knows before he deposits his nickel exactly what he is to get. This, in the judgment of the Court, is the compelling reason for the conclusion which the Court has arrived at in this case.

If, instead of selling gum at its regular market price through a mechanical vender, the petitioner had sold it personally from a box or basket and occasionally

to stimulate business gave several packages for the price of one, or on special days gave several packages of gum for five cents — the usual retail price of one package, it would hardly be contended that the money paid by the customer was "staked" or "hazarded" or that there was any "hazard" or "chance" connected with the transaction.    As has already been said, slot machines are not per se gambling devices or games of chance since they may be used or be played upon for innocent purposes.    The use to which the machine is put must determine its character.

For the foregoing reasons the Court concludes that the gum vending machine in question, as operated by petitioner, does not come within the inhibition of section 330a of the Penal Code and that therefore the prisoner must be discharged, and it is so ordered.

Dated this February 8th, 1924.

Ross Campbell
          Judge of the Superior Court.