## STATE OF MARYLAND vs. GEORGE W. WADE.

*Practice in Criminal Cases—Dismissal of Assignment of Errors—Motion to Quash an Indictment—Demurrer under Art. 30, sec. 82, of the Code.*

The quashing by the Court below of an indictment on the motion of the defendant being a final termination of the prosecution upon the particular indictment, the defendant was discharged from all further proceeding thereon, and a motion by the defendant in error in this Court to dismiss the assignment of errors must be overruled.

Where a motion is made to quash an indictment for certain supposed defects or legal insufficiencies apparent upon its face, and which would, if the objections taken be well founded, be the proper subject of demurrer under Art. 30, sec. 82, of the Code, such motion should not be entertained by the Court below.

APPEAL from the Circuit Court for Baltimore County.

The defendant in error was, in 1879, one of the officers of registration of the State of Maryland, duly appointed and qualified in and for the thirteenth election district of Baltimore County, and while such officer, he was in December, 1879, indicted in the Circuit Court for said county, for an alleged violation of sec. 12 of the Act of 1876, ch. 249.

On the 8th April, 1880, at the call of the case for trial, the defendant moved the Court to quash the indictment on the ground that it was insufficient in law, and that it was irregular and illegal. The motion was granted and the indictment quashed. The State filed its petition for a review of the judgment of the Court below, and the record of proceedings was accordingly transmitted to this Court.

The cause was argued before BARTOL, C. J., MILLER, ALVEY and ROBINSON, J.

*Charles J. M. Gwinn, Attorney-General,* for the appellant.

It is apparent upon the face of the record that the Court below quashed the indictment in this case for insufficiency in law. Any such cause might certainly have been a subject of demurrer to the indictment. 1 *Stark on Cr. Plead.,* 315. It is expressly provided by section 82 of Article 30 of the Code, that no indictment shall be quashed for any matter, or cause, which could have been a subject of demurrer. *Cowman vs. State,* 12 *Md.,* 253; *Maguire vs. State,* 47 *Md.,* 494.

*R. R. Boarman,* for the defendant in error.

The record does not disclose, and there has in fact, been no such final judgment in the case, as to warrant its presence here for review. There has been no other judgment of the Circuit Court, than that sustaining the motion to quash. This judgment is no more than interlocutory, and the case still stands against the accused. Granting that the State's Attorney had not the right, under the Code, to amend his indictment, he had the right to prepare and have presented, a new indictment, or begin the prosecution anew. There has been no final determination of the case in the lower Court, and until then no appeal or writ of error will lie. *Kearney vs. State,* 46 *Md.,* 422.

Should the Court determine that the case is properly before it for review, it is submitted that the judgment of the Court below was correct. *Rex vs. Marshall, R. & M.,* 158; *Kearney vs. State,* 48 *Md.,* 16; *Wharton's Am. Crim. Law,* (4th Ed.,) Secs. 261–276.

ALVEY, J., delivered the opinion of the Court.

It requires but little to be said in regard to this case. The defendant in error has made a motion to dismiss the

State *vs.* Wade.

assignment of errors, because, as he insists, there has been no final judgment of which error could be predicated. The record shows that the indictment was quashed by the Court below upon the motion of the defendant. That was a final termination of the prosecution upon the particular indictment, and the defendant was necessarily discharged from all further proceeding thereon. Whether the State may proceed on another indictment would depend upon the action of a future grand jury. It is the right of the State to have the defendant tried upon the present indictment, unless it be determined, in some legal and proper manner, that the indictment is legally insufficient. The motion to dismiss therefore must be overruled.

It appears that the indictment was quashed for certain supposed defects, or legal insufficiencies, apparent upon its face, and which would, if the objections taken be well founded, be the proper subject of demurrer. This being so, the Code, Art. 30, sec. 82, provides that " no indictment or presentment for felony or misdemeanor *shall be quashed"* for certain specified causes or defects, " nor for any *matter or cause* which might have been a subject of demurrer to the indictment or presentment." The Court, therefore, was plainly in error in its ruling upon the motion to quash. *Cowman vs. The State,* 12 *Md.,* 250; *Maguire vs. The State,* 47 *Md.,* 485. The question of the legal sufficiency of the indictment not being before us, we forbear expressing any opinion in regard to it, but shall simply reverse the judgment and remand the case for further proceedings.

*Judgment reversed, and*
*cause remanded.*