## SOUTHERN RAILWAY COMPANY v. PUCKETT.

1. The statutory presumption of negligence arising from proof that the fire had been caused by the defendant's locomotive was not rebutted by the testimony of a witness that he knew the defendant had adopted the latest and best improvements in spark-arresters, it not appearing that the engines were thus equipped at the time the injury occurred.
2. While a defendant may be liable for an injury inflicted within the period covered by the statute of limitations, there may be circumstances under which he is entitled to know the exact date of the occurrence charged, in order to make his defense ; but in such a case it is necessary by demurrer or motion to call for particularity of dates.
3. Where no such motion is made, evidence that the fires occurred in November, 1901, was admissible under allegations in the petition that they occurred "on or about October 27th and 28th, 1901," and "at various other dates during 1899, 1900, and 1901."
4. The suit was not against the alienee for damages occasioned by a nuisance constructed by its predecessor in title, but for injuries caused by ditches dug by the defendant whereby a greater quantity of water was diverted through the existing culvert.
5. The evidence as to the damage from fire and the flow of water was conflicting, but supported the verdict.

Argued October 28, — Decided November 12, 1904.

Action for damages.     Before Judge Kimsey.     Hall superior court.     March 15, 1904.

Mrs. Puckett's petition against the Southern Railway Company contained two causes of action.    In one she alleged that in 1899, 1900, and 1901 the defendant, while operating its trains through her farm, carelessly and negligently permitted sparks and fire to escape from its engine, and "while running its trains during the years above mentioned, on or about Oct. 27th and 28th, 1901, and at various times during said years, by failing to have proper spark-arresters on its engines, set fire to petitioner's woods, fields, and fences, which ruined her pasture, and destroyed some three thousand rails, to her damage $200."    There was a demurrer on the ground of failure to state the time more definitely, but there is no ruling on the demurrer in the record.    The motion for a new trial assigns as error that the court refused to rule out the evidence of S. J. Puckett, that "on Nov. 13, 1901, they burned 584 rails, and Nov. 15 they burned 328 more," the motion being on the ground that the burning was alleged to have taken place on October 27 and 28, and plaintiff should not be allowed to

prove a burning at a different time. The second count alleged that the company, about July 1, 1898, erected across its road-bed, where the ground is on an incline, a large culvert; that the same was erected, and is being used by defendant, and was constructed in a negligent manner; that on or about August 1, 1898, the company cut ditches whereby vast quantities of water were diverted from its natural course and turned into the culvert, and when it rains great quantities of water are gathered by the ditches, passing through the culvert, and falling about fifteen feet onto petitioner's land, whereby a great gulch forty feet wide and eight feet deep has been washed through petitioner's pasture, cutting the same in two, damaging the land, and making it impossible for cattle to pass from one end of the pasture to the other, or to reach the watercourse formerly used for watering stock. There was a demurrer to these allegations, but no ruling thereon appears in the record.

The motion for a new trial assigns as error that the court failed to sustain a motion for a nonsuit, based on the ground that the action was against the Southern Railway Company for having constructed the culvert, and there was no evidence or pleading to show that the plaintiff was proceeding against the Southern Railway as an alienee, or had requested the defendant to abate the so-called nuisance. There was a verdict for the plaintiff for $90; and the additional grounds of the motion were that the verdict was contrary to law, contrary to evidence, and that the damages were excessive. The evidence of the plaintiff tended to show that the fire had been started from the engine; that there had been several fires; that the witness was not able to say how many rails had been destroyed, except the amount mentioned in the exception above referred to. There was also some evidence as to the loss of the use of the pasture for the time following the destruction of the fences. There was evidence that the culvert had been constructed by the plaintiff's predecessor in title about 1870; that the company had a deed to a right of way 100 feet in width. A witness for the plaintiff testified that the fence was about 50 feet from the road; that the plaintiff had been in possession of the land under a deed for about eight years, and that the fence had been existence for a similar period; that defendant's section hands had dug the ditches which diverted the water and in-

creased the flow through the culvert; that there was some wash before the ditches were dug; that afterwards the amount of water was greatly increased; that the land washed rapidly, and that a gulch from forty to sixty feet in width and fifteen to sixteen feet in depth and 100 yards in length had been caused thereby; that the banks in some places were perpendicular and in others sloping. The evidence was conflicting as to whether the same could be crossed by cattle. There was also a conflict as to the value of the land, as to the amount of the land washed, and as to its effect on the value of the farm.

*John J. Strickland, C. R. Faulkner,* and *Ed. Quillian,* for plaintiff in error. *George K. Looper,* contra.

LAMAR, J. 1. By direct evidence the plaintiff proved that the fence and pasture had been damaged by fires caused by sparks from the defendant's engines. The statutory presumption of negligence was not rebutted by the testimony of a witness who stated that he was an engineer and knew that the defendant had equipped its engines with the latest and best appliances; it not appearing when these appliances had been adopted, or that they were in use when the burning occurred.

2. In a suit against a railroad company for injuries occasioned by its negligence in failing to have proper spark-arresters, the company ought not, of course, to be put to the burden of proving that every engine which had passed over the road during the period covered by the statute of limitations was properly equipped. In order to make its defense it was entitled to a specific statement as to the time when the fires occurred, so as to be able to show that the engine then passing was free from the defect charged. Had the company by demurrer or motion called for such particularity of statement, the court would no doubt have required the plaintiff to amend accordingly. But here the demurrer was not insisted upon. The case went to trial on the general allegations, and the evidence that the fires occurred in November was admissible under an allegation that the damage had been caused on or about October 27 and 28, 1901, and at various other dates during 1899, 1900, and 1901.

3. If the cause of action had been for damages occasioned by a nuisance originally constructed by a predecessor in title, the de-

fendant as an alienee would not have been liable until after notice to abate.    Civil Code, §§ 3862, 4763.    But the culvert as originally constructed was not a nuisance, nor did its size or character occasion the injury complained of.    The petition and the evidence show that the digging of new ditches by the defendant, and the consequent diversion of water, and the increased flow through the culvert caused the wash and damage to the plaintiff's farm.

4, 5.    The evidence as to the damage to the fences and pasture and the amount of land destroyed by the wash, and the consequent cutting in two of the farm, was conflicting.    There was no objection to the character of the evidence offered.    Some of the witnesses for the plaintiff estimated the damages to the fences and pasture by fire at more than $100, and the damage from the water at an equal sum.    Those for the defendant estimated the damage in both instances at much smaller figures.    The verdict for $90 was supported; and no error appearing, the judgment is

*Affirmed.    All the Justices concur.*