## GEORGE WARFIELD, SHERIFF OF BALTIMORE CITY, *vs.* STATE OF MARYLAND.

*Appeals: from final judgment only. Bills of particulars; discretion of Court; demand for more specific—; refusal; no appeal—. Sheriff; suit against—; for retaining fees.*

Even when a lower Court proceeds in the exercise of its common law jurisdiction, neither an appeal nor a writ of error can be prosecuted until after final judgment.     p. 603

Orders or rulings which do not settle and conclude the rights involved, and do not deny to the parties the means of further prosecuting or defending the suit, are not the subject of appeal at the time when they are made.     p. 603

But when final judgment is rendered and appeal thereon is prayed, such interlocutory orders or rulings may be brought up in the record and may then be reviewed, and reversed if erroneous, provided they are in respect to matters upon which the action of the trial Court is not final.     p. 603

An order requiring, or refusing to require, a bill of particulars to be made more specific, is not appealable before final judgment.     p. 604

There is no inflexible rule as to the classes of cases in which a bill of particulars will be granted, but it rests upon the sound discretion of the Court, to be exercised only in furtherance of justice.     p. 604

In an action of assumpsit by the State against a former sheriff for the withholding of fees, in excess of the salary allowed by law, and the expenses of his office, it was held that no

appeal would lie from an order of the lower Court in over-
ruling the defendant's exceptions and refusing its demand
for a further bill of particulars.                    p. 605

*Decided December 13th, 1911.*

Appeal from the Court of Common Pleas of Baltimore
City (ELLIOTT, J.).

A motion to dismiss the appeal was argued before BOYD,
C. J., BRISCOE, PEARCE, THOMAS, PATTISON, URNER and
STOCKBRIDGE, JJ.

*Isaac Lobe Straus, Attorney-General,* for the appellee.

*Wm. A. Wheatley,* for the appellant.

BRISCOE, J., delivered the opinion of the Court.

The motion to dismiss this appeal must prevail, because
the action of the Court below in overruling the defendant's
exceptions to the plaintiff's answer, to a demand for a bill
of particulars, refusing the demand and requiring the defend-
ant to plead to the declaration, appealed from, is not such an
order or in the nature of a final order as can be reviewed by
us on this appeal.

It appears from the record now before us that on the 2nd
day of June, 1909, the State of Maryland, through its
Attorney-General, brought this suit in the Court of Common
Pleas of Baltimore City against the defendant, George War-
field, formerly Sheriff of Baltimore City.

The declaration contains the six common counts in assump-
sit and a special count, as follows:

And for that the defendant, while holding and occupying
the office of Sheriff of Baltimore City, an office of the State
of Maryland created by and existing under the Constitution
of the State, whose pay or compensation has been and is
derived from fees or money coming into his hands for the
discharge of his official duties, in and during the year end-

ing November 28, 1903, and being in and during the year,
as Sheriff of Baltimore City, an officer of the State of Mary-
land whose compensation was received from the fees of his
office, and whose compensation was limited by the Constitu-
tion of the State to the sum of $3,000 and no more, received
and retained the amount of $5,518.79 during the year end-
ing November 28, 1903, the same money being received and
coming into his hands for the discharge of his official duties
as sheriff, in excess of the sum which by law he was entitled
to retain as his salary for the discharge of his duties for the
year, namely, $3,000.00, and also for the expenses of his
office for that year, which said sum so received and retained
by the defendant, and being the money of the State of Mary-
land, the defendant failed to pay over to the Comptroller of
the State of Maryland for the State and still refuses to pay
over the same, although the same is still due and owing by
him to the State.

The plaintiff filed with this declaration an annexed state-
ment of account, the cause of action, duly sworn to by Joshua
W. Hering, then Comptroller of the State, as follows:

"BALTIMORE, Md., June 1, 1909.

*George Warfield, Esq.,*
    *Former Sheriff of Baltimore City,*
To THE STATE OF MARYLAND, DR.:

For amount retained as sheriff of Baltimore City for the
year ending November 28, 1903, in excess of salary ($3,000.00)
for said year and of expenses of said office for said year,
$5,518.79.

(With interest from said date of November 28, 1903)."

On the 29th of June, 1909, the defendant appeared to the
suit and filed a demand for a bill of particulars of the plain-
tiff's claim.

On the 14th of July, 1909, the plaintiff filed an answer
to the demand for a bill of particulars, as follows:

That the statement of the particulars heretofore filed by
the plaintiff, with its declaration, sufficiently sets forth the

particulars of the plaintiff's claim therein, and the defendant is not entitled to demand further particulars of said claim.

The State of Maryland further shows that the defendant, at or after the conclusion of his term of office as Sheriff of Baltimore City, mentioned in the declaration and statement of the particulars of the claim heretofore filed by the State, the plaintiff herein, and prior to the institution of this suit, took possession of and removed from the office of the Sheriff the books of entry and account wherein and while the defendant was Sheriff during his term as aforesaid the entries of the receipts and disbursements of the sheriff's office during said term, as well as the entries of the amounts paid over by the defendant, as Sheriff as aforesaid, to the State of Maryland were recorded and kept, and that the defendant accordingly was and is fully informed of all the particulars of the plaintiff's claim and is not entitled to any further or greater particulars than those set forth in the declaration and statement of the claim filed herewith by the plaintiff as aforesaid.

And on the 29th of July, 1909, the defendant filed the following exceptions to the plaintiff's answer and to the bill of particulars:

1. Because the bill of particulars and answer filed by the plaintiff are insufficient.

2. Because the State Auditor examined and verified the accounts of the defendant and passed them as correct.

3. Because the plaintiff must be in possession of all of the particulars of its alleged claim against the defendant, since it has, by its Comptroller, made affidavit to the amount of money claimed by it to be due from the defendant as set forth in its declaration filed by it in this case and sworn to as aforesaid.

4. Because the defendant is not informed as to the particulars of the plaintiff's claim.

5. And for other good and sufficient reasons to be shown at the hearing.

After a hearing in the Court below of the defendant's exceptions to the answer of the plaintiff to his demand for a bill of particulars, it appears from the record that "on the 28th of November, 1910, defendant's exceptions to the plaintiff's answer were overruled and demand for a bill of particulars refused." And in an opinion filed by JUDGE ELLIOTT, who heard the case in the Court below, it is stated, "the exceptions of the defendant will be overruled and he will be required to plead to the declaration as filed."

On the 27th of January, 1911, the defendant directed an appeal, as follows: "Enter an appeal from the order passed on November 28th, 1910, overruling the defendant's exceptions to plaintiff's answer to defendant's demand for a bill of particulars, and refusing said demand for a bill of particulars."

Now, treating the ruling of the Court in this case as an order, refusing a proper demand to furnish further particulars of the plaintiff's claim, it could only be regarded as a ruling in the course of the trial or an order interlocutory in its character, and if erroneous to be reviewed, if the action of the Court below is not final, when brought up after final judgment and appeal thereon.

In *Poe's Practice*, 4th Ed., page 1,006, it is said: "It is to be observed, however, that even in cases where the lower Court proceeds in the exercise of its ordinary common law jurisdiction, neither an appeal nor writ of error can be prosecuted until after *final* judgment. Orders or rulings which do not settle and conclude the rights involved in the action and do not deny to the party the means of further prosecuting or defending the suit are not the subject of appeal at the time they are made; but, when final judgment is rendered and appeal thereon prayed, such interlocutory orders or rulings may be brought up in the record and may then be reviewed and reversed, if erroneous, provided, of course, they be in respect of matters upon which the action of the lower Court is not final."

The rule in this respect is not only well settled, but, as stated by *Mr. Poe,* is absolutely necessary to be enforced in order to prevent the regular process of a cause unto its final determination from being interrupted by successive appeals from rulings made from time to time during the litigation.

In 2 *Cyc.* 607, it is said: An order granting or denying a motion to make a pleading more definite and certain is not appealable before final judgment. *Ferry* v. *King Co.,* 2 Wash. 337.

It is well settled by express authority, that an order requiring or refusing a bill of particulars to be made more specific is not appealable before final judgment. *Burk* v. *Tinsley,* 80 Md. 100; *Randall* v. *Glenn,* 2 Gill, 430; *Dunlop* v. *U. S.,* 165 U. S. 486; *Van Zant* v. *Wood Produce Co.,* 54 Minn. 202; *Hill* v. *Reifsnider,* 39 Md. 430; *Millwood* v. *Walter,* 2 Taunton, 224; 2 *Cyc., Appeal and Error,* 586; *Rosen* v. *U. S.,* 161 U. S. 29; *People* v. *Tweed,* 63 N. Y. 199; *Tilton* v. *Beecher,* 59 N. Y. 176.

In 3 *Ency. of Pl. and Pr.* 536, it is said: "There is no inflexible rule as to the classes of cases in which a bill of particulars will be granted, but it rests within the sound judicial discretion of the Court, to be exercised only in furtherance of justice, and the motion is addressed to the sound discretion of the Court." 3 *Ency. of Pl. and Pr.* 524, 527, 529; *Oland* v. *Ins. Co.,* 69 Md. 248; *Poe's Practice,* 4th Ed. 827; *Sharp* v. *Bates,* 102 Md. 344; *Vansant* v. *State,* 96 Md. 127.

In *Cunard* v. *Franklin,* 111 N. Y. 513, the Court said: "If the Court had the power to order a bill of particulars in this action, then its exercise of that power will not be reviewed by us. * * * As it does not appear that the Court has transcended its power in granting the order appealed from, the appeal should be dismissed with costs."

In *Witowski* v. *Paramore,* 93 N. Y. 470, it was declared: "The scope of an order for particulars must ordinarily be a question of discretion, depending upon the circumstances. Such an order is not reviewable in this Court, unless it clearly transcends the power of the Court as defined by the

general course of practice in respect to bills of particulars * * * We think the Court had jurisdiction to grant the order, and the appeal should, therefore, be dismissed."

It is very clear, we think, that no appeal lies from the order passed in the case at bar, in overruling the defendant's exceptions and refusing the demand for a bill of particulars, and it therefore follows that the action of the Court thereon is not a subject for review on this appeal.

*Appeal dismissed, with costs.*