GULF, T. & W. RY. CO. v. LOWRIE.

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 10, 1912.)

1. RAILROADS (§ 478*) — FIRES — PETITION — SUFFICIENCY.

A petition against a railroad company for setting a fire, stating that the fire destroyed plaintiff's grass, turf, and grass roots to a stated amount, timber to another amount, and fence to another amount, did not merely charge injury to the real estate, but authorized recovery for burning of grass separately.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1698–1704; Dec. Dig. § 478.*]

2. RAILROADS (§ 479*) — FIRES — PETITION — SUFFICIENCY.

· A petition against a railroad company for setting out a fire, stating that fires escaped on or about March 7th, and that more than one escape was permitted, authorized proof of fires on both the 7th and 8th.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1706–1708; Dec. Dig. § 479.*]

3. RAILROADS (§ 482*)—FIRES—CAUSE—EVIDENCE—WEIGHT.

In an action against a railroad company, evidence *held* to warrant a finding that the fires sued on originated on the company's right of way.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1730–1736; Dec. Dig. § 482.*]

4. APPEAL AND ERROR (§ 1171*)—HARMLESS ERROR—SUFFICIENCY OF EVIDENCE.

In an action against a railroad company for setting out separate fires on separate days, a judgment will not be reversed for insufficiency of the evidence to show that the company caused one of the fires, where the instructions and the smallness of the verdict indicate that no damages were allowed on account of that fire.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4546–4554; Dec. Dig. § 1171.*]

Appeal from District Court, Young County; P. A. Martin, Judge.

Action by Z. T. Lowrie against the Gulf, Texas & Western Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Arnold & Arnold and Ben B. Cain, for appellant. Kay & Akin, for appellee.

CONNER, C. J. This is an appeal from a judgment in appellee's favor for the sum of $150, the market value of grass burned as a result of escaping sparks from one of appellant's engines to its right of way, and from thence to appellee's pasture.

It was alleged that the defendant company was guilty of negligence in operating the engines from which the fires proceeded and in permitting the sparks to escape; that it was also guilty of negligence in permitting its right of way to grow up with and remain covered by combustible grass, which had been allowed to accumulate, and from which the fires complained of had proceeded. In addition to the grass for which appellee was permitted to recover, damage to the grass roots and turf and timber was alleged; but the issues of negligence in permitting the sparks to escape and in the operation of the engine were excluded by the evidence and by the court's charge, and all questions relating to damage done to the grass roots, turf, and timber have been eliminated by a remittitur in the court below of the sum specifically found in appellee's favor on these alleged elements of damage, so that the only remaining material issue to be considered is whether the verdict and judgment on the issue of

negligence in permitting the right of way to be incumbered with inflammable material are sustained by the evidence.

[1] It is insisted that the petition charged injury to the real estate only, and does not authorize the recovery for burned grass alone. The allegation is that "such fire destroyed and burned plaintiff's grass and turf and grass roots to the amount of $600, and timber to the extent of $300, and wood to the extent of $200, and fence to the extent of $50." There was no exception to the petition in the respect now under consideration, and we think it plainly sufficient to authorize the separate submission of loss to the several different classes of property indicated in the allegation, and fully supports the verdict and judgment upon the issue of grass burned.

[2] So, too, we think the petition sufficient to authorize the admission of the evidence showing fires on both the 7th and 8th days of March, 1910. The allegation was that "the fires escaped on or about the 7th day of March, 1910," and, further, that "there was more than one happening at about the same time."

[3] The close question presented is whether the fires which resulted in the damages shown originated on appellant's right of way, and, hence, whether the only issue of negligence submitted was the proximate cause of the loss. A number of appellant's employés testified to the effect that the right of way was "clean near where this fire burned"; that "it had been burned off by the section hands some two or three weeks before this fire occurred, and was perfectly clean."

For appellee, however, C. F. Howard testified that he was about a quarter of a mile from where the fire broke out in Mr. Lowrie's pasture; that he "saw the smoke after the train had passed about 200 yards. * * * From where I was, the fire looked like it was at the railroad; but it caught on the other side of the railroad from where I was, and I could not tell exactly. The fire broke out in two places; the train set one place on fire, and they ran something like about 300 yards, and the grass caught again. * * * There was grass growing on the right of way through Mr. Lowrie's pasture. I saw this grass there before the fire occurred. * * * I did not go over to the fire. I cannot say whether the fire caught on the right of way or not; but it looked like it did from where I was standing."

L. M. Clayton testified that he was in the field planting corn when he saw the fire, which was a few minutes after it started; that he was "acquainted with the right of way in Mr. Lowrie's pasture, and there were combustible materials on the right of way that would burn. * * * When I got to this fire [the fire of March 7th], it was burning in Mr. Lowrie's pasture and burned some on the right of.way. * * * It was about one-half hour after the train passed before I got to the fire. * * * There was some of the right of way still burning when I got there. I could see the train from where I was plowing. I cannot say where the fire caught on that day; but it had burned up just as close to the railroad as it could."

P. L. Braxton testified that he remembered the burning of appellee's pasture; that "the first fire occurred on the 7th day of March, 1910, and the second fire on the 8th day of March, 1910. * * * I saw the fire just a few minutes after it started. I am acquainted with the right of way in Mr. Lowrie's pasture where the fire caught. There was grass on the right of way. There were no fireguards on the right of way. * * * I went to the fire. * * * When I got to the right of way, it had all been burned off. * * * It took me at least 20 minutes, and it might have taken me 30 minutes, to have gotten to the fire. I do not know just how long it did take me. When I got over there, the right of way was burning. There was grass and weeds growing on the right of way. I had passed along the right of way at this pasture just a few days before when I was moving. I passed by it within a week before the fire occurred. There was grass on the right of way. I know that there was grass on the right of way. There was no weeds and grass on some places of the cut."

[4] While there is other evidence in conflict with that which we have quoted and tending strongly to show that the right of way was clear, and that the fire did not originate thereon, yet under the court's charge we feel unable to say that the jury was not authorized to find as it did. The court, after defining negligence and submitting the issue of negligence in respect to permitting the right of way to be incumbered with combustible material, further specifically instructed the jury, among other things, that, "If you fail to find from a preponderance of the testimony that the fire started upon the right of way as hereinbefore discussed, then you will find for the defendant," thus assuming in appellant's favor the issue of negligence in the construction of its engine and in its operation, and confining the jury to the special issue of negligence in permitting the right of way to be incumbered. If it be said that the evidence less pointedly tends to show that the fire of March 8th originated on the right of way, it yet cannot be said that the verdict and judgment are on this account erroneous, for the reason that, in the light of the specific instruction hereinbefore quoted and of the small verdict rendered, it cannot be said that the jury allowed any damages because of the fire of March 8th.

We conclude that the judgment must be affirmed.