MAY *v.* ILLINOIS CENTRAL RAILROAD Co. *et al.*

(*Jackson.* April Term, 1914.)

**PLEADING.  Allegation of time.  Pleading and proof.**

Not only may plaintiff allege that the personal injury for which
she sues was inflicted "on or about" a certain day, but, being
unable to do so, she may not be required to allege the date with
greater particularity, and may recover on her testimony that
the accident occurred in the month alleged, and to the best
of her recollection on the day alleged.  (*Post, pp.* 522-534.)

Code cited and construed:  Secs. 4605, 4606 (S.).

Cases cited and approved:  Martin v. McNight, 1 Tenn., 380;
Thompson v. French, 18 Tenn., 453 Rollins v. Atlantic City R.
Co., 73 N. J. Law, 64; Gulf, T. & W. R. v. Lowrie, 144 S.
W., 367; Florida East Coast R. Co. v. Welsh, 53 Fla., 145;
Southern Railroad Co. v. Puckett, 121 Ga., 322; Richmond &
Danville R. Co. v. Payne, 86 Va., 481; State v. Lewis, 69 W.
Va., 472; Warfield v. State, 116 Md., 599; Washington & Va.
R. Co. v. Boukright, 113 Va., 696; Watkins v. Cope, 84 N. J.
Law, 143; Crowley v. Railroad, 108 Tenn., 74.

Cases cited and distinguished:  Bogard v. Ill. Cent. R. R. Co.,
116 Ky., 429; Tilton v. Reecher, 59 N. Y., 176;  Mynott v.
Mynott, 53 Tenn., 311.

FROM SHELBY.

Appeal from the Circuit Court of Shelby County to
the Court of Civil Appeals and by *certiorari* from
the Court of Civil Appeals to the Supreme Court.—
—————, Judge.

J. P. YOUNG,

Lindsay B. Phillips, for plaintiff.

A. W. Biggs, T. A. Evans, and C. N. Burch, for defendants.

Mr. Chief Justice Neil delivered the opinion of the Court.

This action was brought in the circuit court of Shelby county to recover damages for an injury alleged to have been inflicted upon the plaintiff by the defendant railway company.

The declaration alleged that "on or about the 12th day of September, 1912," plaintiff, while walking on defendant's track at a place which, for many years prior thereto, the public had been in the habit of using as a walkway, near the intersection of the said track and Iowa avenue, was negligently run upon by one of defendant's engines, after her danger became apparent to the defendant's servants, or by the exercise of ordinary care would have been apparent to them. It appears inferentially from an amendment made that a motion was entered by defendant to require the plaintiff to make her declaration more specific, but the order itself is not in the record. Thereupon the plaintiff filed the following amendment:

"Comes now the plaintiff in compliance with the order of the court heretofore granted herein, and amends her original declaration by inserting in the second paragraph, page 1 thereof, immediately after the words and figures 'that heretofore, to wit, on or

about the 12th day of September, 1912,' the following words and figures, to wit: 'at about 5 p. m.' ' "

The defendant interposed the general issue.

The plaintiff's testimony fully made out, the case as to the fact that an injury had been inflicted on her by one of the defendant's engines while she was walking on the track as stated; that she was looking and listening all the time; that the track was straight, and she could have been seen by anyone upon the lookout; and that she was run upon without warning. As to the time of the injury, she said that it occurred in the month of September, 1912, and, according to the best of her recollection, it was on the 12th of the month; but she could not be certain as to the day. She was sure it was near that time.

The defendant introduced a claim agent, in its employment at the time of the accident. He testified there was no report made of any accident by the employees of the company; that there were nineteen tracks in the yard at the point where the accident is said to have occurred, and there were nineteen switch engines working at the place on September 12, 1912; that he saw each of the trainmen, making 125 in all, and they knew nothing of the occurrence; that he then suggested to the company's attorney to put down a motion to make the declaration more specific, and when this was done he made a further investigation, but could not find the crew that manned the engine that is said to have struck the plaintiff; that the train crews and the engines were changed each day, and if

the wrong day should be alleged in the declaration it would be impossible to find the right train crew.

The rest of the evidence was upon the extent of the injury.

The trial judge charged among other things not excepted to, the following:

"The plaintiff alleges that the accident occurred on the 12th day of September, 1912. In order for the plaintiff to be entitled to recover in this case, it is necessary for her to show by a preponderance of the evidence that the accident occurred on that day. Unless you find that the accident occurred on the 12th day of September, 1912, and not at a much later date, you must return a verdict for the defendant."

The jury returned a verdict for the defendant, and thereupon an appeal was prosecuted to the court of civil appeals. From that court the case has reached us by the writ of *certiorari*, and has been argued at the bar of the court.

In the court of civil appeals the above-mentioned charge of the trial judge was held erroneous, and it was likewise adjudged in that court that there was no evidence to sustain the verdict, and the cause was remanded for a new trial. These rulings of the court of civil appeals are assigned as error in this court.

The case turns upon whether the charge was correct. If it was necessary for the plaintiff to prove that the accident occurred on the 12th day of September, and on no other day, then there was no evidence to sustain the verdict, because, as already recited, the plain-

tiff was unable to state the date any more definitely than that it was either on the 12th or near that day.

The general rule is that it is not essential to prove with exactness the time as laid in the declaration. 7 Bac. Abridg., 477, 579; 1 Elliott on Ev., sec. 197; 31 Cyc., 706, 707. The point is ruled in the same way in one of our earliest cases, *Martin* v. *McNight*, 1 Tenn. (1 Overt.), 380, a *qui tam* action. In *Thompson* v. *French*, 18 Tenn. (10 Yerg.), 453, 458, the same proposition was laid down in a case involving a verbal or implied contract. See, also, the following cases cited in a note to *Hewitt* v. *Pere Marquette R. R. Co.*, 41 L. R. A. (N. S.), 635, viz.: *Rollins* v. *Atlantic City R. Co.*, 73 N. J. Law, 64, 62 Atl., 929; *Gulf, T. & W. R.* v. *Lowrie* (Tex. Civ. App.), 144 S. W., 367; *Florida East Coast R. Co.* v. *Welch*, 53 Fla., 145, 44 So.,250, 12 Ann. Cas., 210, 213, 214; *Southern Railroad Co.* v. *Puckett*, 121 Ga., 322, 48 S. E., 968. But where the date is an essential element of description in stating the cause of action it must be proved as laid. 1 Elliott on Ev., sec. 197; 31 Cyc., 706, 707.

In several cases it has been held that on application of the defendant, showing good cause, the complainant may be required to make the date more specific, or at least as specific as he is able to make it.

In *Bogard* v. *Ill. Cent. R. R. Co.*, 116 Ky., 429, 76 S. W., 170, 3 Ann. Cas., 160, the facts were that the declaration or petition stated the cause of action, a personal injury to the petitioner, as having occurred "within the last twelve months." The defendant

moved the court in writing to require the plaintiff to state the date of the injury complained of, the point where it occurred, the number of the train producing it, and the parties in charge thereof. Over the objection of the plaintiff the motion was sustained, and, on plaintiff's declining to plead further, the action was dismissed and the case was appealed to the court of appeals. The court said:

"There is no uncertainty or indefiniteness with respect to the nature of the charge made against the defendant. The difficulty under which the defendant claims to labor is that the plaintiff has not sufficiently specified the facts as to the time and place where the alleged acts of negligence occurred to enable it to intelligently defend the action. The defendant operates a trunk line through McCracken county, and it has perhaps fifty miles of track within the county. In course of twelve months thousands of trains pass over its road, operated by hundreds of different employees, at all hours of the day and night. The plaintiff necessarily has information as to the time and place of the accident, whether it was day or night, whether the injury was inflicted by a freight or passenger train; and a state of case might exist when it would be impossible for the defendant to secure this information so necessary for the proper conduct of its defense. When such a case arises, the trial court has inherent power to require such information to be furnished. This question was very fully considered in the case of *Com.* v. *Snelling,* 15 Pick. (Mass.), 321. The opinion

in that case was delivered by Chief Justice Shaw. It was held that, where a person is indicted for a libel containing general charges of official misconduct against a magistrate, the court was authorized to require him previously to the trial, in case he intended to give the truth of the publication in evidence, to file a bill of particulars specifying the instances of misconduct which he proposes to prove. After a thorough review of all the authorities, he says: 'The general rule to be extracted from these analogous cases is that where, in the course of a suit, from any cause, a party is placed in such a situation that justice cannot be done in the trial without the aid of the information to be obtained by means of a specification or bill of particulars, the court, in virtue of the general authority to regulate the conduct of trials, has power to direct such information to be seasonably furnished, and in authentic form.' "

Again, quoting from *Tilton* v. *Beecher*, 59 N. Y., 176, 17 Am. Rep., 337:

"In actions upon money demands consisting of various items, a bill of particulars of the dates and description of the transactions out of which the indebtedness is claimed to have arisen is granted almost as a matter of course; and this proceeding is so common and familiar that, when a bill of particulars is spoken of, it is ordinarily understood as referring to particulars of that character. But it is an error to suppose that bills of particulars are confined to actions . . . for the recovery of money demands

arising upon contract.  A bill of particulars is appro-
priate in all descriptions of actions, where the circum-
stances are such that justice demands that a party
should be apprised of the matters for which he is to be
put for trial with greater particularity than is required
by the rules of pleading.  They have been ordered in
actions of libel, escape, . . . trespass, . . .
trover, . . . and ejectment, . . . and even in
criminal cases . . . on an indictment for being
a common barrator, . . . on an indictment for nui-
sance, etc. . . . A reference to a few of the authori-
ties upon which these decisions were founded will show
that in also every . . . case in which the defend-
ant can satisfy the court that it is necessary to a fair
trial that he should be apprised beforehand of the par-
ticulars of the charge which he is expected to meet,
the court has authority to compel the adverse party to
specify those particulars so far as in his power.''

3 Ency. of Plead. & Prac., 517, was quoted as fol-
lows:

''There is no inflexible rule as to the class of cases in
which a bill of particulars will be granted, but it rests
within the sound judicial discretion of the court, to
be exercised only in furtherance of justice.  But,''
continuing the quotation, ''the rule is quite well estab-
lished that a party will not be obliged to furnish facts
already known to his adversary, nor when the means
of ascertaining the facts are equally accessible to both
parties.''

On these authorities the court of appeals of Kentucky said:

"We are of the opinion that, upon a proper showing that defendant did not have the information or the means of readily ascertaining the time when and place where the accident occurred, and whether it occurred during the day or night, or was inflicted by a freight or passenger train, the plaintiff should be required to furnish such information, if in his power. But it is not necessary or proper in an action for personal injuries that the petition should set out specifically the injuries complained of, or the details of the alleged acts of negligence of the defendant in inflicting the injuries. In our opinion, the trial court erred in sustaining the motion to require the plaintiff to give the number of the train producing the injury or the names of the parties in charge thereof. It is not at all probable that such information is in his possession, and, if the identity of the train inflicting the injury is established, the means of ascertaining these facts are more accessible to defendant than to the plaintiff. Nor should the motion have been sustained at all, without some showing by the defendant, by affidavit or otherwise, that it did not have the required information or reasonable means of obtaining it."

There is an extensive note to this case discussing bills of particulars in negligence actions.

Other general authorities are: *Richmond & Danville R. Co.* v. *Payne,* 86 Va., 481, 10 S. E., 749, 6 L. R. A., 849, 851, 852; *State* v. *Lewis,* 69 W. Va., 472, 72

129 Tenn. 34

S. E., 475, 26 Ann. Cas., (1913A), 1203, and note; *War-field* v. *State,* 116 Md., 599, 82 Atl., 1053, 28 Ann. Cas., (1913C), 824, and note; *Washington & Va. R. Co.* v. *Bouknight,* 113 Va., 696, 75 S. E., 1032, 30 Ann. Cas., (1913E), 546, 548; 31 Cyc., 699, 704; 59 L. R. A., note on pp. 218-221.

It is not our purpose to go further into the subject at this time than to say, we approve the principles stated in *Bogard* v. *Ill. Cent. R. R. Co.,* supra, and to add a few general propositions which we find in the cases. These additional propositions are that, while the propriety of making the order is in the discretion of the trial judge, yet this discretion is subject to review; that the party is not to be required to state the evidence on which he rests his demand or defense; that the making the order must depend upon the special circumstances and situation of each case, the action of the court being guided solely by the purpose of effectuating justice between the parties, at the same time not imposing an undue burden upon either one; that where the party upon whom the order is made shows to the court that he is unable to furnish the particulars required the order should be vacated; that whenever the order is made, it is enforced by confirming the evidence to the particulars stated, construed with liberality to effect the ends of justice. Our statutes do not in direct terms provide for, or authorize, the requirement of a bill of particulars; but we deem this immaterial, since the power is inherent in courts of justice to enable them to properly conduct trials before them,

as held in *Com.* v. *Snelling,* supra.  To the same effect
is *Watkins* v. *Cope,* 84 N. J. Law, 143, 86 Atl., 545.

We have three cases in this State bearing more or
less directly on the subject.  We have *Smith, Exec.,* v.
*Wilkinson et al.,* 45 Tenn. (5 Cold.), 157, wherein an
order was asked requiring the plaintiff to make the
dates of alleged collections by a constable more certain,
the suit being one against a constable and his sureties
on his bond; but the motion was denied, because the
matters referred to were necessarily more particularly
within the knowledge of the defendant.  We have an-
other case, *Mynatt* v. *Mynatt,* 53 Tenn. (6 Heisk.), 311,
wherein it appears a motion was made to strike out
a plea on the ground that it was too indefinite in its
statements as to the defense of the statute of limita-
tions therein relied on.  Instead of specifying the
time within which the action had been barred, the
plea averred that:

"The offense was not committed within such period
of time before the beginning of the suit as may be in-
quired of by the court."

The court said:

"If the motion was made because the plea failed to
carry a reasonable certainty of meaning, it was the
duty of the court, upon motion to dismiss, to direct
a more specific statement, but not to strike it out.  If
the motion was made because the plea did not show
a substantial cause of defense, a demurrer, and not
a motion, was the mode prescribed for reaching the
defect, and, upon sustaining the demurrer, the party

should have the privilege of pleading over. Upon whatever ground, therefore, the motion was made and sustained, it was error to strike out the plea."

There is also *Crowley* v. *Railroad,* 108 Tenn., 74, 65 S. W., 411, wherein it was held that plaintiff, having fixed the day and place in the declaration, could not be required to state the special hour of the day.

All of these Tennessee cases were based on Shannon's Code, secs. 4605, and 4606, which read as follows:

"Any pleading possessing the following requisites is sufficient: (1) When it conveys a reasonable certainty of meaning; (2) when, by a fair and natural construction, it shows a substantial cause of action or defense.

"If defective in the first of the above particulars, the court, on motion, shall direct a more specific statement; if in the latter, it is ground of demurrer."

Perhaps it would be more accurate to say that they were based on that part of section 4606 which provides that, in case any pleading fails to contain a reasonable certainty of meaning, the court shall on motion direct a more specific statement.

For the reason already stated, we deem it unnecessary to express any opinion as to whether the bill of particulars could be treated or considered as falling within the sense and meaning of the sections quoted. Certain it is, however, that they go far in that direction. It may be conceded that in their ordinary application they refer to a case wherein the ambiguity is

patent on the face of the pleading. However, it is not inconceivable that in many instances affidavits showing the surroundings of the subject-matter of the pleading with reference to one or the other of the parties, or to the cause of action, might develop a latent ambiguity requiring to be cleared up by a further and more particular statement. But, however this may be, we think, as already stated, that it is within the inherent power of the court to require, in a proper case, what is commonly known as a bill of particulars.

We are of the opinion that the parties may be required to furnish, in the form of such a bill or statement, a more particular reference to the day on which an injury or other material thing is alleged to have occurred. It is true that a plaintiff may allege in his declaration that the cause of action arose on or about a specified day, as was done in the present case, and may satisfy this averment by proving any date reasonably near the given day; but he may be required by order of the court, if he can do so, to fix the particular day, and the order may confine the evidence to the day so fixed. However, this must be understood with the qualification, already stated, that he cannot be so compelled if he show that he is unable to state the date more definitely than he has already done.

This aspect of the case finds illustration in the case now before us. The declaration averred that the accident occurred "on or about the 12th day of September, 1912." The sworn statement of the plaintiff showed that she could not fix the date of the injury

with any more definiteness, and accordingly the court could not require it of her. He did require her to fix the hour of the day; but this was held error in the case of *Crowley* v. *Railroad,* supra.

Coming, now, to the specific errors assigned, we are of the opinion that the trial judge committed error in instructing the jury that it was incumbent on the plaintiff to prove that the injury was inflicted on the 12th day of September. This was erroneous, because the declaration was not so limited in its terms; nor had it been so limited by any order of the court, confining the evidence to that date; nor could such order have been made, in view of plaintiff's showing that it was impossible for her to fix the date with any more definiteness than she had already done.

We are of the opinion, therefore, that the portion of the charge complained of was erroneous, and the court of civil appeals acted correctly in reversing the judgment of the trial court, and remanding the cause for a new trial, and the action of the court of civil appeals in respect of this matter is affirmed.