MRS. ELIZA LOWRY *v.* SOUTHERN RAILWAY COMPANY.

(*Knoxville.*   September Term, 1915.)

**MASTER AND SERVANT.**   Action for injury.   Sufficiency of declaration.

In an action for the death of plaintiff's intestate while in the defendant's employ as a yard inspector, the declaration averred that it was customary for employees in defendant's yard to go under cars on the track during showers; that there was a rule under the federal and State law and of the Interstate Commerce Commission, adopted by defendant, that before a standing car would be moved in the yard notice would be given; that defendant and deceased were engaged in interstate commerce; that while he was inspecting cars in the yard deceased went under the car during a shower; and that defendant, in violation of the rule, switched cars against the one under which intestate was, and killed him. *Held,* that the dismissal of the action for failure to comply with a motion to make the declaration more specific, and to designate the name of the vice principals, etc., alleged to have been negligent, and what rule had been violated, was erroneous, as the declaration set out with particularity and in a substantial way the cause of action on which plaintiff sued, and as such matters were more within the knowledge of the defendant.

Case cited and approved:  May v. Railroad, 129 Tenn., 521.

---

FROM HAMILTON.

---

Appeal from the Circuit Court of Hamilton County.— NATHAN L. BACHMAN, Judge.

COOKE, SWANEY & HOPE, for appellant.

Lowry v. Southern Ry. Co.

G. W. CHAMLEE, for appellee.

MR. JUSTICE FANCHER delivered the opinion of the Court.

Plaintiff's intestate, Chas. J. Lowry, was killed in the yards of the defendant railway company on or about the 26th day of June, 1914, at Citico, near Chattanooga, while engaged as a yard inspector, track hand, and general repair servant for the defendant. Just previous to the accident he was inspecting a car, to ascertain if it needed attention of any kind, when a rain came up.

It is averred in the declaration that it was customary for the men working in the yards of the company to go under cars left standing on the tracks during a shower; that in accordance with this custom Lowry went under a car, in order to keep out of the rain. It is further averred that it was a custom of the railroad that, in case of cars coming into the yards, signals would be set up or orders given that the cars should be inspected while on the tracks before they were moved; that there was a rule, regulation, or system, provided by law, ordinances, and rules, that in case a car was rolled into the yard, and left standing, before that car would be moved, that notice would be given by the blowing of the whistle of the engine, the ringing of a bell, and giving general notice to the crew in and about the car that the same was going to be moved; that this rule was required by the federal and State laws, and by the Interstate Commerce Commission, and was cov-

ered by a rule, regulation, or system adopted by the Southern Railway; that the deceased and the defendant railway company were at the time engaged in interstate commerce, or in commerce being transported from points outside of Tennessee, into Tennessee, through Chattanooga and the switchyards, where the deceased was working, and forward to other points outside of and beyond the State of Tennessee, and it was averred that the said Chas. J. Lowry, while so actively engaged in said duties, was ordered to make certain repairs on a switch in the yards, and to inspect certain box or freight cars, which necessitated his getting under the cars; that a certain train of the defendant company had come into the yards with broken chains, and a part of the apparatus necessary to keep the air brakes in good order was in defective condition; that while performing this repair work he stooped, with the view of getting under the car to make an inspection and immediately preceding this act it began to rain, and that while it was so raining there was no chance for employees to do very much in the way of work; that the defendant company violated and negligently disregarded each and all of the duties toward the deceased above enumerated, in that it failed to blow a whistle or give other warning that it was about to switch an engine to the train and move it, and that without notice, and without warning of any kind or character, the defendant railway company unlawfully, negligently, carelessly, and wrongfully moved an engine up to and against its train where the deceased was then engaged

in such repair work, and caused its servants to move the train, and the wheels of such car or train ran over the body of Chas. J. Lowry, inflicting injuries from which he died.

Defendant moved the court to require the plaintiff to make her declaration more specific, and to designate the names of the alleged vice principals, foremen, or fellow servants who are alleged to have been careless, negligent, and unmindful of their duties; and, second, that plaintiff be required to make her declaration more specific, so as to allege and set out what particular rules and regulations for the prevention of accidents were violated by said vice principals, foremen, and fellow servants of the deceased. Whereupon the court ordered that the plaintiff make her declaration more specific upon these points, to which action she excepted, for the reason that the information required of her by this order is peculiarly within the knowledge and custody of the defendant itself. Plaintiff thereupon filed an amended declaration, but failed to comply with the order made upon her by the court, whereupon the defendant moved to dismiss the case, because of plaintiff's failure to so comply, and the court granted the motion, and dismissed the suit, to which action the plaintiff excepted, and appealed to the court of civil appeals. That court reversed the action of the trial judge and remanded the case to the court below for further proceedings.

We think the trial judge was in error in granting the motion of the railway company to require plaintiff to

specifically point out the names of the servants who neglected their duty toward the deceased, and to point out specifically the rules and regulations which were required of it. The declaration was undoubtedly sufficient, in that it set out with particularity and in a substantial way the cause of action for which plaintiff sued.

In the case of *May* v. *Railroad,* 129 Tenn., 521, 167 S. W., 477, L. R. A., 1915A, 781, the present chief justice of this court pointed out proper rules of practice with respect to this question and reviewed former cases in this State upon the subject. The court reviewed somewhat at length the authorities from other jurisdictions upon this particular question.

We will not undertake to review the subject here. It is sufficient to say that this court recognizes the right in a proper case and upon the proper showing of a defendant to require the plaintiff to state with greater particularity as to time or other material averment, so as to give necessary notice to the defendant; and it is true that when so required plaintiff's suit will be dismissed if he fails to comply, unless he shows that he is unable to state the date or fix the particular facts more definitely.

Having in mind the rules of practice as stated in *May* v. *Railroad,* supra, we are of opinion that plaintiff should not have been required to comply with defendant's motion. This motion was not supported by anything, so far as the record discloses, showing any necessity for a more specific statement of the cause

. Lowry v. Southern Ry. Co.

of action. The declaration on its face is full enough. The defendant does not show that it cannot prepare its defense without a more particular statement as to names of the persons who moved the train and the rules required of it, which it had adopted. The presumption is that the railroad would know more about these matters than plaintiff would. If persons bringing suits against railroad companies were required to comply with motions of this kind, in every instance, they would often fail in meritorious cases, because of their inability to point out by name the agents or servants whose negligence produced the injury, or to specifically state the exact wording of rules and regulations that were violated.

The declaration does state that the employees failed to sound a whistle, ring a bell, or pursue any other method of warning to the deceased that the cars were about to be moved. It states with sufficient certainty that there were rules requiring this. We think this was sufficient on the point in question to give the defendant reasonable notice of the grounds upon which the action was predicated.

The judgment of the court of civil appeals, in reversing the case and remanding it for further proceedings in the court below, is affirmed.