STATE OF MARYLAND *v.* WILLIAM JONES
SAME *v.* RUSSELL JONES
SAME *v.* NELSON DAIL
SAME *v.* MARY DAIL
[Nos. 21, 22, 23 and 24, October Term, 1943.]

*Decided December 14, 1943.*

The causes were argued before SLOAN, C. J., DELA-PLAINE, COLLINS, MARBURY, GRASON, MELVIN, ADAMS, and BAILEY, JJ.

*J. Edgar Harvey, Assistant Attorney General,* with whom were *William C. Walsh, Attorney General,* and *Frederick P. McBriety, State's Attorney,* for Dorchester *County,* for the appellant.

*James A. McAllister* for the appellees.

ADAMS, J., delivered the opinion of the Court.

In these four cases the appeal was entered in each case "from the action of the Circuit Court for Dorchester County, Maryland, in sustaining the Motion of the Defendant to quash the Search Warrant" in the particular case.

The search warrants were issued in each case on the application of the State's Attorney for Dorchester County to search the premises described in each case for alcoholic beverages, the possession of which on the respective premises was impliedly alleged to constitute a misdemeanor.

In Case No. 21, defendant's motion to quash the indictment was granted. In Nos. 22, 23 and 24, respectively, motions to quash the indictments were overruled, but the court in each case sustained a demurrer to the second count of the indictment, which charged unlawful possession of an alcoholic beverage for the purpose of sale.

No appeal was entered from the judgment entered in each case, and the appellant asks this court on the authority of the case of *Kaefer v. State,* 143 Md. 151, 122 A. 30, where the appeal was taken from the verdict rather than from the judgment, to treat the appeal as if it had been taken from the judgment. But the record discloses no ruling during the trial of the case that is the subject of appeal. In the case of *Kaefer v. State,* the questions presented on appeal were the propriety of the lower court's ruling on a demurrer to the indictment and several exceptions to rulings of the trial court on the admissibility of evidence. Here the only point urged is the correctness of the trial court's ruling in quashing the search warrants in the respective cases. While we are inclined to the view that the search warrants and applications therefor were fundamentally sound, that the errors present were slight and inconsequential and not of sufficient importance to vitiate the warrants, we are not at liberty to pass upon the point. The motion to quash the search warrant was preliminary to the trial,

and even if the appeal in each case was considered as from the judgment, there would still be no ruling of the circuit court appearing from the record of the trial which this court could consider.

Under the circumstances, our conclusion is that the appellee's motion to dismiss the appeal filed in each case should be granted.

> *Appeals dismissed in Nos. 21, 22, 23 and 24, with costs to the appellees, respectively.*