## STATE *v.* BARSHACK
(Three appeals in One Record)

[No. 130, October Term, 1950.]

*Decided April 12, 1951.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

*Kenneth C. Proctor, Assistant Attorney General,* with whom were *Hall Hammond, Attorney General, Anselm Sodaro, State's Attorney for Baltimore City,* and *Saul A Harris, Assistant State's Attorney,* on the brief, for appellant.

*Maurice T. Siegel* and *Jeanette R. Siegel,* with whom was *Henry M. Siegel* on the brief, for appellee.

HENDERSON, J., delivered the opinion of the Court.

Mike Barshack was indicted for accepting bets on horse racing in Baltimore City. Before the case came to trial he filed a motion to quash the search warrant, duly issued by Judge France upon affidavit as to probable cause, under which certain evidence had been seized. Upon hearing, the motion was granted by Judge Manley and the case continued. The State appeals here from Judge Manley's ruling. The appellee has moved to dismiss the appeal on the ground that there was no final judgment entered in the case.

We think the motion must be granted. The case of *State v. Jones,* 182 Md. 368, 369, 34 A. 2d 775 is directly in point. See also *Warfield v. State,* 116 Md. 599, 82 A. 1053; *State v. Tag,* 100 Md. 588, 60 A. 465; *U. S. v. Marquette,* 270 F. 214 (C. C. A. 9th) ; *State v. Bass,* 153 Tenn. 162, 281 S. W. 936; *State v. Studer,* 149 Wash. 210, 270 P. 430. The granting of the motion was no more final than would be any other ruling excluding testimony at a trial.

The State contends that although technically the granting of the motion does not finally terminate the proceedings, it does so as a practical matter and forecloses further proceedings under the indictment. By analogy, it is argued that appeals have been entertained from

judgments entered after a demurrer to an indictment or motion to quash an indictment have been sustained. *State v. Buchanan,* 5 Har. & G. 317, 324; *State v. Strauss,* 49 Md. 288, 296; *State v. Wade,* 55 Md. 39; *State v. McNally,* 55 Md. 559, 566. These and other cases were recently reviewed in *State v. Adams,* 196 Md. 341, 349-50, 76 A. 2d 575, 577, 578, where it was said: "The distinction between cases in which the State can appeal and those in which it cannot is not a distinction between decisions on questions on law and on questions of fact, or on the merits and not on the merits, but only the historical distinction between cases reviewable (under the *Buchanan* case) on writ of error and those not so reviewable. Furthermore, in a case turning on the validity of a search warrant or the legality of an arrest, the 'merits' usually consists only of the question whether or not the warrant was valid or the arrest lawful."

In the *Adams* case there was a motion to suppress evidence obtained by a search warrant which presented no question that could have been raised by demurrer or motion to quash the indictment. The motion was overruled at that time, but after plea and trial before the court without a jury, on a renewal of the motion all of the evidence was stricken out and a verdict of not guilty entered. From judgment on the verdict the State appealed. We dismissed the appeal on the ground that there was no right of appeal, in spite of the argument that the granting of the motion was not a decision on the merits but left the State in a position where it could not proceed. "If a broader right of review is necessary in the interest of criminal justice, it must be granted by the legislature." 196 Md. at page 351, 76 A. 2d at page 579. In the instant case there is no authority to support the State's position that a continuance of the case at a preliminary stage enlarges the right of review. In fact, there is direct authority to the contrary. Since the ruling is not reviewable, we forbear to express an opinion upon its merits.

*Appeal dismissed.*