HENRY WAGNER *vs.* GEO. M. UPSHUR et al., Board
of Police Commissioners of Baltimore City.

*Summary Seizure by Police of Gambling Instruments—Musical Slot
Machine Capable of Legitimate as Well as Illegal Use—Replevin.*

An article which is a gambling instrument, intended to be used in viola-
tion of law, but which can also be put to a legitimate use, cannot be
summarily seized by the police under its power to prevent crime, until
it shall have been determined in a criminal proceeding that the article
was held or used for an illegal purpose by the person from whose pos-
session it is taken.

A musical slot machine was taken summarily by the police authorities
from the plaintiff against whom no criminal charge of using the ma-
chine for purposes of gambling in violation of statute was then pend-
ing. In an action of replevin against the Police Commissioners the
evidence showed that the machine could be used for legitimate as well
as for illegal purposes ; that it had not been established in a criminal
proceeding that plaintiff designed to put it to an illegal use or that it
had been so used, and that no charge had been preferred against plain-
tiff for any offense committed in connection with the machine. *Held*,
that the plaintiff is entitled to recover in the action of replevin.

Appeal from the Superior Court of Baltimore City (SHARP, J.)

The cause was argued before McSHERRY, C. J., FOWLER,
BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*W. Calvin Chestnut* (with whom were *Gans & Haman* on
the brief), for the appellant.

*Alonzo L. Miles*, for the appellees.

FOWLER, J., delivered the opinion of the Court.

This is the second appeal in this case. The first will be found
reported in the case of *Police Commissioners* v. *Wagner*, 93
Md. 190. In the case just cited it is said, PAGE, J., deliver-
ing the opinion : "This is an action of replevin to recover a
musical slot machine. The third plea is that the article is a
gambling device or instrument intended and designed to be

used by the plaintiff and others in violation of the gambling laws of the State which can be put to no legitimate use, and was detained by the defendants, in the discharge of their official duty to prevent such violation, and to be used, if necessary, as evidence against the plaintiff. To this plea the plaintiff replied that at the time the machine was taken "there was no charge pending against the plaintiff for any violation of the gambling laws of this or any other State ; that the plaintiff was not arrested, nor has he since been arrested nor any warrant issued for his arrest on any such charge, nor has any such charge been preferred against him ; and that the said machine was not taken and retained by the defendants for use as evidence against any other person." The defendants demurred to this replication, but their demurrer was overruled and the judgment being for the plaintiff, the defendant appealed. We held on the appeal in 93 Md. that articles which are *designed to be used in violation of the criminal law and which can be used for no legitimate purpose*, may be summarily seized by the police authorities under a statutory power to prevent crime ; and the seizure of such articles is not a taking of property without due process of law within the constitutional inhibition. We therefore reversed the judgment in the first case and remanded for new trial. Upon the second trial the plaintiffs amended their replication to the third plea and replied as follows : "That the "musical slot machine" mentioned in the declaration was not a gambling device or instrument intended or designed to be used by the plaintiff and others in violation of the gambling laws of the State, which could be put to no legitimate use, but on the contrary, said machine was a lawful instrument and capable of being put to many legitmate uses and purposes." In other respects the amended replication is the same as in the former appeal.

At the conclusion of the evidence the plaintiff offered two prayers and the defendant demurred to the evidence and asked the Court to take the case from the jury. The Court refused the prayers of both sides and ruled as follows :

"If the Court finds that the machine seized by the defend-

ant and replevied in this case by the plaintiff was a machine for gambling and was used or intended to be used by the plaintiff as such, contrary to the laws of this State, the verdict must be for the defendants, though the Court may further find that the said machine had devices attached by which it could be used as a music box or to register the number of customers or a merchandise machine as described by the witness, Michael, or in other innocent ways, if the Court finds said devices were attached to said machine fraudulently for the purpose of evading the laws of this State against gambling machines, and that said machine was intended to be and was used mainly as a machine for gambling though it may have been occasionally used for other purposes mentioned for the purpose of evading the laws of this State against gambling machines."

The only exception before us which we need consider is presented by the ruling upon the plaintiff's prayers and the granting of the prayer formulated by the trial Judge himself. The judgment was for the defendant, and the plaintiff has appealed.

The question presented here, although one of considerable importance is a narrow one and is, we think, controlled by the views announced in the former appeal 93 Md. 192. Thus in the former case it is said : "In the case at bar, the property seized under the concessions of the demurrer is an instrument 'intended and designed to be used by the plaintiff and others in violation of the gambling laws,' and one of such a character that 'it can be put to legitimate use.' It does not, therefore, belong to the class of articles that may or may not be used for legal purposes. If it did, the presumption cannot be made that the owner intended it for illegal purposes, and however the law may be otherwise, it is clear upon principle and authority that no seizure can be made as a preventive measure without it had *first been properly established that the article was procured and held for an illegal purpose."* Then again, towards the end of the opinion, referring to authorities cited, "Those are cases where the article seized may be put to legal as well as illegal purposes, and *until it has been shown*

*before the proper tribunal* that it was designed to be put or has been put to an illegal use, it may not be seized as a preventive measure."

The doctrines thus clearly announced in the former appeal conclusively settle the following propositions, first, that only such property or articles as are intended to be used in violation of law and can be used for no legitimate purpose can be summarily seized by the police authorities, and secondly, that articles or property that may or may not be used for legal purposes cannot be seized until it has first been *properly estab-lished* that the article was procured, held or used for an illegal purpose, and thirdly, that in order to *properly* establish that the article was designed to be put or has been put to an illegal use there must be a proceeding in a Court of criminal jurisdiction, and the question of the guilt or innocence of the owner of or person who uses the article cannot be determined in the replevin case.

Testing the instruction granted by the learned Judge below by these principles we think it will clearly appear that he has fallen into error ; for while we held in the former appeal that a machine like the one here in question, which the prayer concedes can be used either for legal or illegal purposes, may not be summarily seized by the police authorities, his instruction is based upon the proposition that such a seizure of such a machine is legal if the Court in the *replevin case* find that it was used or intended to be used by the plaintiff for gambling and that the devices for such innocent use were fraudulently attached to the machine for the purpose of evading the laws of this State against gambling. While the questions of fact as to the guilt of the plaintiff of the charge of gambling submitted by this instruction would be properly submitted to a jury or to the Court sitting as a jury, in a criminal proceeding, they have no proper place in a civil proceeding like an action of replevin—otherwise as suggested by counsel for appellant "the result would be to cause a forfeiture of property for crime by indirectly convicting of crime in a civil proceeding." But there is another objection to the prayer raised by

the plaintiff's special exception—to the effect that there is no legally sufficient evidence to show that the innocent features of the machine were fraudulently attached thereto for the purpose of violating the gambling laws of the State. We have carefully examined the record and are of opinion not only that this exception is well taken, but that there is an absolute failure of proof on this point. It follows, therefore, without the further consideration of other objections which were urged against the granted instruction, that we are of opinion it is erroneous and should not have been granted.

The plaintiff's second prayer is, we think a clear and proper statement of the law applicable to the case and should have been granted. By it the plaintiff requested the Court to declare as the law of the case, "that if the Court, sitting as a jury, finds that as a matter of fact the musical slot machine mentioned in the pleadings and evidence is an article that may or may not be used for legal purposes, that the plaintiff was entitled to the possession thereof when taken by the defendants, and that the same was then seized and taken by the defendants, then the verdict must be for the plaintiff, there being no evidence in this case legally sufficient to prove that at the time of the seizure of the machine by the defendants, it had been shown before the proper tribunal that said machine was designed to be put or had been put to an illegal use ; there being no evidence legally sufficient to show that at the time of said seizure there was any charge preferred against the plaintiff or others for any crime committed in connection with said machine, or any evidence legally sufficient to show that said machine was seized and held by the defendants for use as evidence against the plaintiff or others."

It is hardly necessary to say that it is conceded that an article like the one which is the subject of this case, may always be seized and held for use as evidence against the owner, possessor or others in a criminal proceeding against them or either of them.

*Judgment reversed and cause remanded*
*and new trial awarded.*

(Decided June 19th, 1902.)