# LAWRENCE F. GREEN *vs.* THE STATE OF MARYLAND.

*Jurisdiction of Justice of the Peace to Try Misdemeanor—Demand for Trial in Court—Trial by Justice Not Issuing the Warrant—Amendment of Warrant—Appeal from Circuit Court Exercising Special Jurisdiction.*

The Act of 1906, Chap. 475, gives the Justices of the Peace in certain counties, jurisdiction to try certain misdemeanors, provided that the accused, when brought before the Justice, on being informed by him of his right to trial by jury, freely elects to be tried before such Justice, and that a jury trial be not prayed on the part of the State. The Act also directs that either party may appeal from the Justice to the Circuit Court for the county, and that in all cases, when the accused elects to be tried by a jury or appeals, the Justice shall return the papers to the Circuit Court, where the case shall be tried on the information or warrant. The defendant was arrested upon warrant charging him with criminal libel, and was brought before a Justice of the Peace, when his counsel said that they would have no investigation before the Justice, but would try the case in Court. Thereupon, the Justice held the defendant for Court and took his recognizance with sureties. Upon appeal from the judgment of the Circuit Court sentencing him, *held,* that since the defendant when brought before the Justice of the Peace declared his election to be tried in Court and not before the Justice, it was not necessary that he should have been previously and expressly informed that he had a right to a jury trial; that under these circumstances, the charge was not to be investigated by the Grand Jury, but was to be tried in the Circuit Court upon the information or warrant, and that, consequently, the Court had jurisdiction to try the case, and no appeal lies from its judgment since none is provided for by statute.

When a warrant for the arrest of a person charged on information with a misdemeanor, is issued by one Justice of the Peace, under the Act of 1906, Chap. 475, and the warrant directs the accused to be brought before the Justice of the Peace issuing the same, or before some other Justice of the county, the accused may be tried by any Justice before whom he is brought, although that Justice did not issue the warrant.

The warrant upon which a party was arrested and brought before a Justice of the Peace, under the Act of 1906, Chap. 475, may be amended in the Circuit Court by making the same conform to the sworn information on which it was issued.

When the Circuit Court has jurisdiction to decide an appeal from a Justice of the Peace, its decision is final, and no appeal lies to this Court unless authorized by statute.

*Decided June 22nd, 1910.*

Appeal from the Circuit Court for Garrett County (HENDERSON, J.).

The cause was argued before BOYD, C. J., PEARCE, BURKE, THOMAS, PATTISON and URNER, JJ.

*Ferdinand Williams* and *Gilmor S. Hamill,* for the appellant.

*Isaac Lobe Straus, Attorney-General,* and *Julius C. Renninger,* State's Attorney for Garrett County, for the appellee.

*A. A. Doub* and *Wm. R. Offutt* filed a brief for the appellee.

PATTISON, J., delivered the opinion of the Court.

In this case the appellant was apprehended and brought before A. S. Teats, a Justice of the Peace of Garrett County, upon a warrant issued by Leon Hardy, likewise a Justice of the Peace of said county, charging the appellant with crim-

inal libel, and commanding the sheriff, to whom the warrant was directed, to apprehend the appellant and bring him before the justice issuing the warrant or some other Justice of the Peace of said State and county.

When brought before Justice Teats, the appellant was accompanied by his attorney, G. S. Hamill, Esq., who informed the Justice that the defendant waived all rights before him and would try the case in Court. In reply thereto, the Justice asked Mr. Hamill whether he wanted the defendant held for the grand jury or the petit jury, to which Mr. Hamill said he didn't care which, and Justice Teats then said he would hold him for the petit jury; whereupon the appellant, with sureties, recognized for his appearance at the next ensuing term of the Circuit Court for Garrett County.

At the time of the issuance of the writ by Justice Hardy, a written information was laid before him, subscribed and sworn to by one Frazee, charging the appellant with the commission of the alleged offense. Acting under Chapter 475 of the Acts of 1906, the Justice of the Peace transmitted the docket entries, information, warrant, and recognizance to the Circuit Court for Garrett County. When the case came up for trial in Court, the defendant demurred to the information, and moved to quash the information, warrant and proceedings, upon the ground that the said Court was without jurisdiction to try the case. The demurrer, as well as the motion, was overruled.

The defendant then filed his plea to the jurisdiction of the Court, alleging "that the Justice of the Peace, before whom he (the defendant) was brought for trial, did not at said time or at any time by himself or another, inform the traverser that he was entitled to a jury trial, nor did the traverser then or at any time pray a jury trial of his said case," for which reasons the defendant alleged the Court was without jurisdiction to try the case. The issue as to jurisdiction was then heard and determined by the Court in favor of the State. Upon motion and leave, the State's Attorney amend-

ed the warrant by striking therefrom the word "robber," which, in effect, made it conform more nearly to the sworn information. The defendant moved to quash the amended warrant, which motion was overruled, and the case, upon a plea of not guilty, was submitted to the Court without the intervention of a jury. A verdict of guilty was rendered and the defendant sentenced to confinement in the county jail for a period of thirty days and to pay a fine of twenty-five dollars and costs. It is from this judgment of the Court that this appeal is taken.

"It is well settled in this State that when the Circuit Court has jurisdiction to hear and decide an appeal from a Justice of the Peace, its decision is final and an appeal or writ of error to this Court will not lie, unless, of course, the statute authorizes such appeal or writ of error to this Court." *Judefind* v. *State,* 78 Md. 512. "It is only where the Circuit Court has proceeded without the right or jurisdiction to hear and decide the case that an appeal or writ of error may be taken to this Court to reverse the judgment thus unwarrantly rendered." *Rayner* v. *State,* 52 Md. 374.

"It is true," said JUDGE ALVEY, speaking for the Court in the case of *Rayner* v. *State, supra,* "the Circuit Court in hearing and adjudicating upon the appeal was not in the exercise of its ordinary common law jurisdiction, but was acting as a Court of special limited jurisdiction, bound to observe and conform to the provisions of the statute, if, in its judgment, the statute was valid. Its judgment, however, rendered within the limits of the special jurisdiction conferred, is not only binding, but is final." *State* v. *Mister,* 5 Md. 11; *State* v. *Bogue,* 5 Md. 352; *Webster* v. *Cockey,* 9 Gill, 92.

It is true, this is not an appeal from a judgment of a Justice of the Peace, yet it is very similar; by the statute the Justice of the Peace is required to transmit to the Clerk of the Circuit Court for Garrett County all the papers and proceedings in such case, who, under the statute, is directed to

place the case upon the appeal docket of said Court to be tried upon the information or warrant, as it would be if in Court upon an appead from the judgment of the Justice of the Peace. The Court, in the trial of these cases, does not act in the exercise of its ordinary common law jurisdiction, but acts as a Court of special limited jurisdiction, and the statute gives no right of appeal to this Court from the judgment of the Court below. Thus the principles of law above enunciated are applicable thereto.

Therefore, it is for us to determine whether or not the Court below had jurisdiction to hear and determine the case, and if we find it had then the appeal should be dismissed. The defendant raised this question by filing his plea to the jurisdiction of the Court below and moving to quash the proceedings, which he had a right to do. As was said in the case of *Josselson* v. *Sonneborn,* 110 Md. 546, the filing of a motion to quash in cases of such character "is an appropriate method to have the question of the jurisdiction of the lower Court determined, and while bills of exceptions are not allowed in trials of cases on appeal from judgments of Justices of the Peace (*Cole* v. *Hynes,* 46 Md. 181), the evidence taken before the Court below upon motion to quash may be properly certified to this Court as was done in this case."

The main contention of the appellant and that upon which he relies in assailing the jurisdiction of the Court, is that the Justice did not inform the accused of his right to a jury trial, and that in failing to do so he did not conform to the requirements of the aforementioned statute. This Act gives to the several Justices of the Peace of the State of Maryland (except in certain counties, in which exception Garrett is not included) jurisdiction to hear, try and determine certain misdemeanors, or class of misdemeanors, therein named, in which class the offense herein charged is included, subject to the following conditions: "Provided, however, that the accused when brought before any such Justice, on being informed by him of his right to trial by jury, freely elects to

be tried before such Justice, and provided, further, that a jury trial be not prayed in such case on the part of the State by the State's Attorney. If, after a trial before the Justice, either party shall feel aggrieved by his judgment, there shall be a right of appeal within ten days to the Circuit Court for the county in which the alleged offense is charged to have been committed, and *in all cases* where a jury trial is prayed by the State, *or the accused elects to be tried by a jury,* or appeals from the judgment of the Justice, the Justice shall take from the accused his recognizance, with sufficient surety, conditioned for his personal appearance to answer said charge at the then session (if there be a session) of the Circuit Court for their respective counties, or the next session of said Court, if it be not then in session. * * * The Justice shall at once return the recognizance and all papers and proceedings in such case, including a copy of his judgment (in appeal cases), together with the name and residence of the witnesses for the prosecution, to the clerk of said Court, who shall place such case on the appeal docket of said Court, * * * and the case shall be then tried in said Court on the information or warrant."

The first Act upon this subject was enacted in 1880, Chap. 326. It has remained substantially the same up to the present time, the only material amendment thereto being the Act of 1890, Chap. 618, whereby the right of appeal from the judgment of the Justice of the Peace was extended to the alleged offender and the State, even after there had been, before the Justice, a waiver of a trial by jury.

JUDGE PAGE, in speaking of this Act, in the case of *State* v. *Ward,* 95 Md. 123, said: "Prior to the passage of this statute, Justices had no criminal jurisdiction except such as was conferred by the Act which created the offense and imposed the penalty. Cases in which the Justices were not in specific terms authorized to hear and determine were cognizable only in the Criminal Court after indictment and be-

fore a jury, unless the alleged offender waived his right to a jury trial."

By this Act jurisdiction is conferred upon the Justice to hear and determine all cases of the nature and character particularly described therein, provided the accused when brought before the Justice, on being informed by him of his right to trial by jury, freely elects to be tried before such Justice. The election by the accused to be tried by the Justice after being informed by him of his right to trial by jury is therefore made a condition precedent to the vesting of jurisdiction in the magistrate to hear and determine the case. *Baum* v. *Warden of Jail,* 110 Md. 583.

The statute in conferring additional jurisdiction upon the Justice, subject to the conditions imposed, does not deprive the accused of his right to be tried by a jury, if he wishes to be so tried, nor was it so intended. It is to protect him in this right that the statute requires the Justice to inform him that his right to trial by jury still exists, and that he may understand that he is not compelled to be tried before the Justice, but may, if he wishes, be tried by a jury. Should the accused elect to be tried by a jury, even though not informed of his right to trial by jury, the Justice would be without jurisdiction to hear and determine the case, for the accused could not be heard to say that he elected to be tried by a jury and at the same time be understood as freely electing to be tried by the Justice. To defeat the Justice in his jurisdiction to hear and determine the case it is not necessary that the accused should be informed of his right to a jury trial, should he elect to be tried by a jury; but before the Justice can acquire jurisdiction to hear and determine the case it is not only necessary that he inform the accused of his right to a jury trial, but that he, the accused, shall freely elect to be tried before the Justice.

In the case of *Baum* v. *Warden of Jail, supra,* the inquiry there was whether or not the Justice had jurisdiction to hear and determine the case, which depended upon the sufficiency

*vel non* of the alleged waiver of a jury trial by Baum. In this case the inquiry is as to the jurisdiction of the Circuit Court, to which the case was sent by the Justice, upon what was said by the attorney for the defendant in his presence, which was construed by the Justice, and which is claimed by the State, to be an election, by the accused, of a trial by jury.

Justice Teats and two other witnesses offered by the State testified that at the time of the return of the warrant, G. S. Hamill, attorney for defendant, before the Justice and in the presence of the defendant, said to the Justice, that "the defendant waived all rights here and will try the case in Court." Whereupon the Justice, as testified to by him, asked Mr. Hamill whether he wanted defendant held for the grand jury or the petit jury, and that Mr. Hamill said he didn't care which, and Justice Teats then said he would hold him for the petit jury. The defendant and Mr. Hamill testified that the defendant did not pray a jury trial and the Justice did not tell him that he was entitled to pray a jury trial, and that Mr. Hamill, in the presence of defendant, and immediately upon entering the Justice's office, asked that defendant be held for the grand jury and stated that he would have no investigation before the Justice.

While the statute did not deprive the defendant of his right to a jury trial, yet it established a procedure to be followed by the Circuit Court in the trial of the case, and by the procedure so established the charge against the defendant was not to be investigated by the grand jury, but the case, as stated above, was to be tried upon the information or warrant.

The statement of Mr. Hamill that he would have no investigation before the Justice clearly prevented the Justice from hearing and determining the case. This being true, following the direction of the statute, the case had to be sent to the Circuit Court to be tried upon the information or warrant. The Justice states that he told him that he would hold the defendant for the petit jury, and thereupon took the

recognizance of the defendant, with sureties, for his personal appearance at the next ensuing term of Court. We think upon this evidence the case was properly before the Circuit Court for trial and that it had jurisdiction to try the case.

The point is also made by the defendant that, inasmuch as the warrant was issued by Justice Hardy, the accused should have been brought before Justice Hardy and not before Justice Teats, although the warrant provided that he should be apprehended and brought before the party issuing the writ *or some other Justice of the Peace* of the State and county, contending that Justice Teats could not thereby acquire jurisdiction to try the accused should he freely elect to be tried before him, nor could jurisdiction pass through him to the Circuit Court should he, the accused, elect to be tried by jury.

The practice in this State of making the warrant returnable before the Justice issuing it or before some other Justice of the State in and for the same county is well settled and established. So far as we have been able to discover, this point has never been before this Court. This practice has been approved by *Mr. Latrobe* in his treatise on *"Justices' Practice,"* sec. 1315, and *Mr. Thomas* in his work on *"Procedure in Justice Cases"* recognizes it in the forms therein contained, wherein he uses the language, that the defendant be brought before the Justice issuing the writ or *some other Justice of the said State, in and for the county aforesaid.* We are not disposed to disturb this long-settled practice in the State, nor do we see any reason for so doing.

It is also contended by the defendant that the Court below erred in permitting the State to amend the warrant by striking therefrom the word "robber," thereby making the warrant more nearly conform to the sworn information. In our opinion, the Court below had jurisdiction to hear and determine this case, and the ruling of the Court complained of being upon a subject-matter within the limits of its jurisdiction, this Court has no right to review the ruling of the Court on that point. "It is the settled law of this State,

therefore, that in proceedings of this character this Court has no authority to review the judgment of the lower Court, whether that judgment be right or wrong, if it be pronounced upon a subject-matter within the limits of its jurisdiction." *N. Y. Mining Co.* v. *Midland Co.*, 99 Md. 506.

For the reasons we have given the appeal will be dismissed.

> *Appeal dismissed, with costs to the appellee.*