# MORRIS A. SOPER, ALFRED S. NILES and DANIEL C. AMMIDON

## vs.

# FRANK MICHAL.

*Gambling devices and implements: slot machines; game out of season, etc.; possession of—; police power.*

Unless a slot machine has been shown before the proper tribunal to have been designated for an illegal use and to have been put to an illegal use, it may not be seized by the police as a preventive measure.                         pp. 543-544

It is within the power of the Legislature to make the mere possession of gambling implements or machines, policy slips, game in certain seasons, or oysters below a certain size, an offense, but in the absence of such a statute, such mere possession can not be determined or treated by criminal or civil courts as a violation of law.                                   p. 544

But in a proper case the police may seize such property for use as evidence, and upon conviction before a proper tribunal they may destroy such property.                 p. 545

Where the Board of Police Commissioners has improperly retained personal property, an action of replevin may be maintained therefor against it.                          p. 545

*Decided June 25th, 1914.*

Appeal from the Superior Court of Baltimore City. (HEUISLER, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Robert F. Stanton,* for the appellant.

*James A. Latane* (with whom was *Albert S. J. Owens* on the brief), for the appellee.

STOCKBRIDGE, J., delivered the opinion of the Court.

This is an action of replevin to recover ninety-eight machines of the variety commonly designated as "slot machines," a roulette wheel and the appurtenant mechanism, which had been seized by the appellants as Police Commissioners of Baltimore City. At the time of the seizure all of the articles were in the possession of the appellee, in a single room, part of the first floor of a building on Born Alley, the remainder of the floor being occupied and used as a carpenter shop. The ownership of the property in question is not entirely clear. Some portion of the machines seem to have belonged to the appellee, while some may have been sent to him for alteration or repair. A small number of them had in addition to their main feature a musical attachment, or chewing gum attachment, but in all, the leading characteristic was the possibility held out for gambling and some of the machines at the time of seizure were susceptible of no other use. There is no evidence to show that they ever had been used by the appellee for such a purpose, either at the place on Born Alley or elsewhere.

The important question in this case is the right of the police authorities of the City of Baltimore summarily to seize and retain possession of these machines as a matter of preventive justice when no charge whatever of a violation of the laws of this State against gambling had at the time, or has at any time since, been made against the appellee, and there is no claim that they were required as evidence in any existing or contemplated criminal proceeding. It is contended on behalf of the appellants that a slot machine is *per se* a gambling device, and therefore, *malum per se,* and liable to confiscation in the hands of whomsoever found. The proposition as stated is too broad for this Court to adopt, in view of the decision in *State* v. *Howell,* 83 Mo. App. 198, and the language used by this Court in *Police Commrs.* v. *Wagner,* 93 Md. 182: "Until it has been shown *before the proper tribunal* that it was designed to be put or has been put to an

illegal use it (a slot machine) may not be seized as a pre-
ventive measure." It is within the power of the Legislature
to make the possession of gambling implements or machines
an offense, as was done with regard to policy slips, game at
certain seasons, and oysters below a certain size, but it has
not thus far done so, and the mere possession of such a device
cannot, as the law stands, be deemed and treated in the
criminal courts as a violation of law, still less when the
question is raised indirectly in the tribunals exercising only
a civil jurisdiction. The Courts have gone very far in the
construction of statutes to extend the inhibition of laws re-
lating to lottery and gambling, to slot machines. Such cases
as *Loiscau* v. *State,* 114 Ala. 34; *Bobel* v. *People,* 173 Ill.
19; *State* v. *Gaughan,* 55 W. Va. 692, and *Territory* v.
*Jones,* 20 Am. & Eng. Ann. Cases, 128, are examples, but
in nearly every one of these cases the question arose in a
criminal proceeding, and involved the use or intended use
of the machines, not the possession merely. The extreme
ruling is that in the case of *Lang* v. *Merwin,* 99 Me. 486, in
which the voters of a certain town filed a bill for an injunc-
tion, to restrain the use of a slot machine in a cigar store,
and the injunction was granted. But here also the inter-
vention of the Court was asked, to prohibit the use of the
machine, and the maintenance of a gambling place, not the
possession of the machine.

The two *Wagner cases,* 93 Md. 182 and 95 Md. 519,
announce the law in this State, and in a manner con-
clusive of this case. In the latter case this Court said:
"The doctrine clearly announced in the former appeal
conclusively settle the following propositions, first, that
only such property or articles as are intended to be
used in violation of law and can be used for no legit-
imate purpose can be summarily seized by the police
authorities, and, secondly, that articles or property that may
or may not be used for legal purposes cannot be seized until
it has been first properly established that the article was pro-

cured, held or used for an illegal purpose, and thirdly, that in order to properly establish that the article was designed to be put, or has been put, to an illegal use, there must be a proceeding in a Court of criminal jurisdiction, and the question of the guilt or innocence of the owner of, or person who uses the article cannot be determined in a replevin case." Such being the law there was no error in the ruling of the lower Court on the prayers.

In what has been said this Court must not be understood as holding that the police may not seize property for use as evidence, or that in a proper case and before a proper tribunal, they may not, upon a conviction, confiscate or even destroy the property so taken, but this case was not in a forum where the guilt or innocence of Michal could be established.

There was an exception reserved to the ruling of the trial Court in refusing to permit the plaintiff, Michal, on cross-examination, to answer the question, why he sold the machines outside of the State. Either this was a collateral issue, not germane to the case being tried, and for that reason properly excluded, or else it was intended to bear on the intent of the plaintiff. The intent of a person is often an important element in a criminal case and in some the intent is the gist of the case. In this case the intent could only be relevant to show that the plaintiff intended to make an illegal use of the machines, and what his intent was in that respect had already been fully testified to without objection. No reversible error can be predicated upon this ruling. *Peters* v. *Tilghman,* 111 Md. 227.

Some question was raised that the Police Board could not be proceeded against by way of replevin to recover possession of goods illegally seized. But the same form of action was resorted to in the *Wagner case, supra,* and inferentially approved, and unless such an action is maintainable, the Police Board would be amenable to no authority, no matter how wanton and unjustifiable the seizure of the property of a citizen might be.

*Judgment affirmed, with costs.*