# BALTIMORE CITY COURT.

Filed October 15, 1918.

LEE MOORE

VS.

LAWRASON RIGGS, ET AL.

*Kaufman & Kaufman* for plaintiff.
*William Pinkney Whyte, Jr.*, for defendants.

DUFFY, J.—

In this proceeding it appears that the plaintiff was arrested in a criminal prosecution for larceny, and the goods in question were seized by the police. In due course he was tried and acquitted, and sued out the writ in this case against the Police Board, and seized the goods which were the subject of the charge of larceny against him.

Replevin will lie against the Police Board for a detention of property which is not warranted by law. Soper vs. Michal, 123 Md. 545.

Section 755 of the Charter, relied on by the defendants, is a regulation of the department prescribing the duties of police officers, detectives and the secretary of the board. It is not intended to affect the rights of an individual whose goods are unlawfully detained by the board.

The plaintiff in this action can recover if he can show a right of possession in himself as against the defendant. The Transportation Company, which also makes a claim for the goods, can not interfere with the right of the plaintiff to a judgment in this case, because it is not a party to this proceeding, and has no right to intervene to have its rights litigated. Wells on Replevin, Sec. 634.

Not being a party, the company is not bound by the judgment and can replevy the goods from the plaintiff, notwithstanding this proceeding, if it can prove its right to possession as against *him*, unless it is estopped on the principle laid down in McKinzie vs. B. & O., 28 Md. 174.

The defendant can plead property in a third person, and upon the issue thus joined the burden will be upon the plaintiff to show title or right of possession superior to that of such third person. Poe on Practice, Sec. 442; 90 Md. 160, Hopkins vs. Cowen.

Upon such plea, if he succeeds, defendant is entitled to return of the goods, because it destroys the plaintiff's title, and because the possession which he had before the issuance of the writ was wrongfully disturbed by the replevin. Lamotte vs. Wisner, 51 Md. 561; 1 Hill, 353, Ingraham vs.

The second plea sets up title and possession in defendant and is good.

The third plea is bad. It is permissible but not usual to join principal and agent as defendants in replevin. 113 Mass. 403, White vs. Dolliver; Wells on Replevin, Sec. 144.

Demurrer to first and third pleas sustained, and to second plea overruled.