# THOMAS E. GOOD

*vs.*

# THE BOARD OF POLICE COMMISSIONERS OF BALTIMORE CITY AND THE SHERIFF OF BALTIMORE CITY.

*Police Department—Retention of Articles as Evidence—Mandamus—Demurrer to Answer.*

Property may be seized and held by the police for use as evidence in a criminal prosecution, and property so seized and held is not subject to replevin at the suit of the owner or others.

pp. 195-197

On a petition for mandamus, where the facts are admitted and undisputed, and only a question of law is raised by the pleadings, it is proper, on overruling a demurrer to the answer, to enter a final judgment on the demurrer in favor of the defendants for costs, without giving the petitioner an opportunity to plead over.

pp. 197, 198

*Decided December 1st, 1920.*

Appeal from the Baltimore City Court (AMBLER, J.).

The cause was argued before BOYD, C. J., BRISCOE, PATTISON, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Read A. McCaffrey,* for the appellant.

*Alexander Armstrong, Attorney General,* with whom was *Lindsay C. Spencer, Assistant Attorney General,* on the brief, for the appellees.

Briscoe, J., delivered the opinion of the court.

This is a proceeding for a writ of mandamus to compel the Board of Police Commissioners of Baltimore City to deliver up the possession of one 1919 model Chandler touring car to the Sheriff of Baltimore City, according to the mandate of a writ of replevin which had been issued to the Sheriff for service and execution, and also to direct and command the Sheriff to seize and to take in execution the automobile as required by the writ.

The petition in the case avers, in substance, that, on the 2nd day of February, 1920, the petitioner, the appellant in this case, instituted an action of replevin against the Police Commissioners of Baltimore City, to recover possession of the automobile in question, and filed the usual bond; that the writ of replevin was subsequently delivered to the Sheriff for service and execution.

It is further alleged that the Sheriff called upon the Police Commissioners and demanded from them the automobile in accordance with the mandate of the writ of replevin, and that they refused to deliver the automobile, or to permit the Sheriff to seize it, although in their possession, and assigned as a reason for this refusal the fact that a certain individual was charged with the theft of the car, and that the automobile would be needed as evidence, at the trial, against the person charged with the theft.

The Board of Police Commissioners and the Sheriff of Baltimore City, on the 9th day of February, 1920, answered the petition for mandamus, and by their answer aver: first, that they admit that on the 2nd day of February, 1920, the petitioner did institute an action of replevin against the Board of Police Commissioners for the purpose of recovering a Chandler touring car, 1919 model, and that the writ of replevin was delivered to the Sheriff for service and execution; secondly, that the Chandler automobile mentioned in the petition was taken by the Board of Police Commissioners

from the possession of one Jacob W. Holtzman of the City of Baltimore on January 26, 1920, the said Holtzman renouncing all of his rights in and to the automobile, that Andrew R. and Herbert Myers have been charged in this State with the theft of this car from one A. W. Littwitz, a resident of the State of New York, on October 19, 1919, and that the car is to be used by the proper authorities as evidence in an effort to convict Andrew R. and Herbert Myers of the crime of larceny, for the theft of the same, that the automobile so taken by the Board of Police Commissioners is, in their judgment, absolutely essential for use in evidence against the alleged thieves on their trial, and was taken and held by the Board of Police Commissioners for that purpose; thirdly, that their taking of the car was legal and their holding of the same is for a legal purpose, and under the circumstances, they cannot be and are not subject to a writ of replevin.

The appellant demurred to this answer, and assigns as reasons therefor that the answer did not disclose any sufficient reason why the mandamus asked for should not be issued.

The case was heard by the court below on the state of pleadings herein set out, and the petitioner's demurrer to the answer was overruled. From a judgment on the demurrer in favor of the respondents for costs, this appeal has been taken.

The facts of the case, it will be seen, were admitted, and the single question is, whether the property here in question, lawfully taken in possession and held by the Board of Police Commissioners of Baltimore City for use as evidence in a criminal prosecution, is subject to replevin by the appellant, on the record in this case,

The answer in the case distinctly avers, and the demurrer to this answer admits, that certain persons, named therein, have been charged in this State with the theft of the car from one A. W. Littwitz, a resident of the State of New York, and that the car is to be used by the proper authorities

as evidence in an effort to convict them of the crime of larceny, for the theft of the car; that the automobile so taken by the Board of Police Commissioners is in their judgment absolutely essential for use as evidence against the alleged thieves on their trial, and was taken and held by the Board of Police Commissioners for that purpose.

The general rule of law, controlling cases of the character we are here dealing with, is thus stated as supported by authority in 24 *A. & E. Encyc. of Law,* 505: "Where property is withheld by the police officers as evidence against persons charged with crime, the owner, though not one of the persons charged with violating the law, has been denied the right to regain possession of the property by replevin."

In *Wagner* v. *Upshur,* 95 Md. 523, this Court said: "It is hardly necessary to say that it is conceded that an article like the one which is the subject of this case may always be seized and held for use as evidence against the owner, possessor or others in a criminal proceeding against them or either of them."

In the more recent case of *Soper et al.* v. *Michal,* 123 Md. 545, this Court further said, in reviewing the two *Wagner cases,* 93 Md. 182 and 95 Md. 519: "In what has been said this Court must not be understood as holding that the police may not seize property for use as evidence, or that in a proper case and before a proper tribunal, they may not, upon a conviction, confiscate or even destroy the property so taken."

The principle stated and announced, in the *Wagner* and *Michal cases, supra,* has generally been recognized by the courts in other jurisdictions. *Smith* v. *Jerome,* 47 N. Y. Misc. 22, 93 N. Y. Supp. 202; *Getchell* v. *Page,* 103 Me. 387, 18 L. R. A. (N. S.) 253; *State* v. *Mausert,* 88 N. J. L. 286, L. R. A. 1916 C. 1014; *Simpson* v. *St. John,* 93 N. Y. 363.

In a note to the case of *Getchell* v. *Page, supra,* a number of cases are cited, and it is there said: "It is a general rule, upheld by the great majority of the cases upon the subject,

that an officer, while executing a criminal process, may take possession of articles for the purpose of evidence, and hold them for such purpose; and the officer will not be liable for trespass in so doing, nor is the owner entitled to recover possession thereof."

In *Mutual Commission and Stock Company* v. *Moore,* 13 App. D. C. 78, where the facts were somewhat similar to those in this case, MR. CHIEF JUSTICE ALVEY, in delivering the opinion of the court, said: "But suppose the articles seized by the officers and sought to be replevied do belong to the plaintiff as a corporation, they do not the less furnish evidence against the parties accused, nor is it the less important that the evidence should be preserved in the control of the Government, to be used at the trial of the alleged offenders. If the articles have been placed in the possession of the violators of the law, and allowed to be used for an illegal purpose by them, the party claiming to be the owner of the articles can have no exemption from the general principle that subjects such articles to seizure and detention to be used as evidence against the offenders, when found to be in their possession, and used for an unlawful purpose. The seizure and temporary retention of articles, so found in the unlawful use of parties engaged in violating the criminal law, is fully authorized as being within the police power of the Government, without respect to the ownership of the property. The seizure and retention of the articles in no manner denies or affects the title of the true owner, but simply postpones his right of possession until the exigencies of the prosecution are satisfied. *Simpson* v. *St. John,* 93 N. Y. 363." And as was well said in the case just cited: "The plaintiff, therefore, shows no right to the immediate possession of the property as against the power of the court for police purposes. The proceedings for the claim and delivery of personal property were not intended to repeal or render nugatory the police power of retention for purposes of public justice, and the owner's right of possession cannot be

enforced while the circumstances justify such retention."
The court further said: "It is not only the common practice,
but the requirement of the common law, that articles which
may supply evidence of guilt of a party accused, found in
his possession or under his control, may be taken in posses-
sion of the officer officiating in making the arrest, and, in-
deed, it is the duty of such officer to take into his possession
and retain such articles, subject to the power and direction
of the court or justice having cognizance of the alleged crime.
This principle is one of necessity in the administration of
the criminal law, and it is generally recognized by the courts
of the country with few, if any, exceptions." *Comm.* v.
*Dana,* 2 Metc. (Mass.) 329; *State* v. *Robins,* 124 Ind. 308;
*Spalding* v. *Preston,* 21 Vt. 9; *Boyd* v. *U. S.,* 116 U. S.
623.

It is our conclusion, therefore, that there was no error in
the order of the Baltimore City Court, in this case, in over-
ruling the petitioner's demurrer to the answer of the defend-
ants, and in holding that, as the property in question was
lawfully in the possession of the police authorities and held
by them for use as evidence in a criminal prosecution, it was
not subject to replevin at the suit of the appellant.

It has, however, been objected that there was error in
entering a final judgment on the demurrer, in favor of the
defendants for costs, without leave or an opportunity to the
appellant to plead over, after the demurrer was overruled.

By Section 2 of Article 60 of the Code of Public General
Laws it is provided that, when a petition for a mandamus is
filed, the court or judge to whom the same is addressed shall
lay a rule requiring the defendant therein to show cause
within a reasonable time why a writ of mandamus should not
issue as prayed.

By Section 3 of Article 60 of the Code it is further pro-
vided that the defendant, by the day named in such order,
shall file an answer to such petition, fully setting forth all
the defenses upon which he intends to rely in resisting such
application, which shall be verified by his affidavit.

By Section 5 of Article 60 of the Code it is also provided that the petitioner may plead to or traverse all and any of the material averments set forth in the answer, and the defendant shall take issue or demur to the plea or traverse within five days thereafter, etc., etc.

Since the cases of *Eichelberger* v. *Sifford,* 27 Md. 320 and *Hardcastle* v. *Md. & Del. R. R. Co.,* 32 Md. 34, a demurrer to an answer on a petition for mandamus has been recognized in this State as a proper practice and a regular procedure in mandamus cases. The practice has been sanctioned and followed in a number of cases. *Barney* v. *State,* 42 Md. 480; *County Commrs.* v. *Banks,* 80 Md. 322; *Hooper* v. *New,* 85 Md. 586; *Price* v. *Ashburn,* 122 Md. 520.

In the present case, the facts were admitted and undisputed, and only a question of law was raised by the pleadings, and that was whether, conceding the facts set up by the answer and admitted by the demurrer to be true, they constituted a sufficient and valid legal ground to defeat the issuing of the writ of mandamus.

As was said by this Court in *Hooper* v. *New,* 85 Md. 586, the demurrer to the answer admitted all the facts set up in the answer and raised purely and simply a question of law.

We see no valid objection to the practice adopted by the court under the conceded facts of this case, and it has been determined to be proper in mandamus cases. *Hooper* v. *New,* 85 Md. 586; *Frederick County* v. *Fout,* 110 Md. 169; *Price* v. *Ashburn,* 122 Md. 520.

Finding no reversible error, the judgment on the demurrer in favor of the defendants will be affirmed.

*Judgment affirmed, with costs.*