## FRED R. WADDELL *vs.* JOHN ARNETT, Garnishee.

*Appealable Order—Overruling of Demurrer—Bankruptcy— Nullification of Prior Attachment—Jurisdiction of State Court.*

An attachment sued out within four months prior to a bankruptcy proceeding is nullified by section 67 of the National Bankruptcy Act.       p. 477

No appeal will lie from a mere ruling or order on a demurrer to pleadings at law; final action by the court terminating the controversy in accordance with the ruling must first have been taken and noted on the record of the case.       pp. 477, 478

A state court has power to order the proceeds of an attachment in its custody to be turned over to trustees in bankruptcy, after the attachment has been nullified by the bankruptcy proceeding.       p. 478

*Decided November 14th, 1924.*

Appeal from the Circuit Court for Dorchester County (Pattison, C. J.).

Attachment on judgment by Fred R. Waddell against Joseph B. Andrews and S. Elwood Andrews, laid in the hands of John Arnett, garishee, in which proceeding W. Laird Henry and others, trustees in bankruptcy of Joseph B. Andrews and S. Elwood Andrews, intervened by petition as claimants of the fund. From an order sustaining a demurrer to an answer filed by said Waddell to the trustees' petition, he appeals. Appeal dismissed.

The cause was argued before Boyd, C. J., Urner, Adkins, Offutt, Digges, Bond, and Parke, JJ.

$\Upsilon$. *Calvin Trice*, for the appellant.

*Frederick H. Fletcher*, with whom were *Fletcher & Jones* on the brief, for the appellees.

Bond, C. J., delivered the opinion of the Court.

The appeal in this case will be dismissed because there was no final judgment entered in the court below. The case comes up on an intervention by trustees in bankruptcy, as claimants in an attachment by Waddell of a crop of wheat of the bankrupt. The attachment was sued out within four months prior to the bankruptcy proceeding, and was therefore nullified under section 67f of the National Bankruptcy Act. *Crook Horner Co.* v. *Gilpin*, 112 Md. 1. The sheriff had sold the wheat and passed the proceeds over to the attaching creditor, and the trustees in bankruptcy filed a petition in the case in the State court for an order directing the creditor, Waddell, to pay over to the trustees all sums of money thus obtained by him. On this petition the court passed an order directing Waddell to pay over the money as prayed, unless he should show cause to the contrary before a day specified. And within the time limited Waddell filed an answer raising a single question of jurisdiction: whether the court had not been deprived by the bankruptcy of jurisdiction over the whole subject matter of the attachment proceeding, and the jurisdiction of the United States court made exclusive. This answer was demurred to by the trustees, and the demurrer was sustained. The only record of this action of the court on the demurrer is in the clerk's entry that, "afterwards, to wit: on the 1st day of March, demurrer was sustained by the Court"; and the appellant noted his appeal "from the judgment of the court on demurrer in this case, which judgment sustaining demurrer was filed or noted by the court on the record on the 1st day of March, 1924."

No appeal will lie from a mere ruling or order on a demurrer to pleadings at law; final action by the court terminating the controversy in accordance with the ruling must

first have been taken, and must appear noted on the record of the case. *Warfield* v. *State,* 116 Md. 599; *Emersonian Apartments* v. *Taylor,* 132 Md. 209. When the order or rule *nisi* in this form was first used, that is to say, an order directing some action in the absence of sufficient cause shown to the contrary within a time limited, it was doubtless meant to be self-acting and final, if the sufficient cause was not shown. 2 *Chitty's Practice,* 576. But this form has for a long time been used in Maryland as if it were a mere order to show cause, with the intention that a further, and final, order should follow (*Marx* v. *Reinecke,* 145 Md. 311-320; *Chappell* v. *Clark,* 94 Md. 178) ; and we must assume that, following the usual practice, the court below has not yet taken final action on the petition of the trustees. We cannot anticipate that action, and we must, therefore, hold the appeal to have been taken prematurely.

In this case, however, we think it proper to say, on the question of jurisdiction stated in the answer and argued before us, that we see nothing in section 67f of the National Bankruptcy Act, or elsewhere, which denies a state court power to order the proceeds of an attachment in its custody turned over to the trustees in bankruptcy and thus to close the attachment case after the attachment has been nullified. That procedure is one widely adopted in this State as an orderly and effective method of closing the case and carrying out the full consequences of the nullification by the Bankruptcy Act, and we think it proper.

*Appeal dismissed, with costs to the appellee.*