NELSON DAIL *v.* GRASON W. PRICE, CHIEF of POLICE

[No. 53, October Term, 1944.]

*Decided December 20, 1944.*

The cause was argued before MARBURY, C. J., DELA-PLANE, COLLINS, GRASON, MELVIN, BAILEY, CAPPER, and HENDERSON, JJ.

*V. Calvin Trice* and *James A. McAllister* for the appellant.

*Frederick P. McBriety, State's Attorney for Dorchester County,* with whom were *William C. Walsh, Attorney General* and *J. Edgar Harvey, Assistant Attorney General* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

The appeal in this case is from the denial of a petition filed by the appellant on April 21, 1944, in the Circuit Court for Dorchester County (No. 3 Miscellaneous Petition Docket April Term, 1944) praying the return of alcoholic beverages consisting of some 224 pints of whiskey, gin and wine, seized by the appellee on April 24, 1943, under a search warrant issued by a trial magistrate at the instance of the State's Attorney. On April 26, 1943, the appellant was indicted by the Grand Jury upon two counts, the first charging an unlawful sale of one-half pint of whiskey to one John Niblett, without a license, the second charging unlawful possession of alcoholic beverages without a license. On May 4, 1943, the accused filed a motion to quash the search warrant, on the ground of a want of probable cause for its issuance, and on other grounds, and prayed for a return of the goods. The motion to quash was granted by the Court, but the goods were not returned, and no order was signed by the Court, following the ruling. A demurrer to the second count was sustained, and the accused was convicted upon the first count and sentenced to pay a fine of $250. The State appealed to this Court from the action of the trial Court in quashing the search warrant. On January 17, 1944, this Court dismissed the appeal. *State v. Jones and Dail,* 182 Md. 368, 34 A. 2d 775.

While the subsequent developments do not clearly appear from the record in the case at bar, it appears from

the record in No. 33 of this term, *Dail v. State,* 183 Md. 682, 39 A. 2d 752, and from the briefs of counsel in the case at bar, that on February 17, 1944, Dail was charged before a trial magistrate with unlawful possession of the same alcoholic beverages on April 24, 1943, for purpose of sale. The State prayed a jury trial, and the papers were transmitted to the Circuit Court on April 1, 1944, where the case was tried before a jury on May 8, 1944, resulting in his conviction and sentence to serve one year in the House of Correction, despite his objections to the use of the beverages in evidence. In the meantime, the petition in the case at bar was filed on April 21, 1944. On April 26, 1944, the Chief of Police filed an answer, through the State's Attorney, denying that the action of the trial Court in quashing the search warrant on May 4, 1943, was a final judgment and alleging that it was merely a ruling on evidence. On the same day the Court denied the petition for return of the goods, and the appeal in this case is from that action.

Section 306 of Article 27 of the Code (1939 Ed.), enacted in 1939, deals with the issuance of search warrants in considerable detail. After stating the requisites of a valid warrant, it provides: "If, at any time, on application to a Judge of the Circuit Court of any County or of the Criminal Court of Baltimore City, it appears that the property taken is not the same as that described in the warrant or that there is no probable cause for believing the existence of the grounds on which the warrant was issued, said judge must cause it to be restored to the person from whom it was taken; but if it appears that the property taken is the same as that described in the warrant and that there is probable cause for believing the existence of the grounds on which the warrant was issued, then said judge shall order the same retained in the custody of the person seizing it or to be otherwise disposed of according to law."

The first question that presents itself is whether this Court can entertain the appeal, in view of the decision in *State v. Dial, supra.* In that case the appeal was

dismissed, the Court stating that the record disclosed no ruling during the trial that was reviewable, and that the Court was not at liberty to pass on the correctness of the trial Court's ruling in quashing the search warrant, although it was intimated that the alleged errors in the warrant were inconsequential. The appeal in the present case involves the validity of the same search warrant, the only difference being that the parties are reversed. The trial Court in the present proceeding took a different view as to the validity of the warrant, relative to the charge pending in the Circuit Court that had been initiated before the magistrate.

While the grounds of the decision in *State v. Dail,* supra, are not set out at length, we think the case rests upon the familiar principle that an appeal in a criminal case is premature until after final judgment. Section 86 of Article 5 of the 1939 Code: *Avirett v. State,* 76 Md. 510, 25 A. 676, 987; *Kaefer v. State,* 143 Md. 151, 122 A. 30; *State v. Amick,* 171 Md. 536, 189 A. 817. That principle applies with even greater force in the case at bar, because the final judgment was that entered in No. 33, *Dail v. State,* 183 Md. 682, 39 A. 2d 752, which we are not at liberty to review because the decision of the Circuit Court is final, in a case initiated before a magistrate. *Green v. State,* 113 Md. 451, 77 A. 677; *Starliper v. State,* 126 Md. 295, 94 A. 908; *Norris v. State,* 158 Md. 700, 150 A. 261. The appellant in this appeal is, in effect, making a collateral attack upon that judgment, by seeking a review of a ruling that was preliminary to a criminal proceeding then pending. Such a ruling is not technically a ruling upon evidence, but it may be conclusive as to the admissibility in evidence of the articles seized. *Mazer v. State,* 179 Md. 293, 18 A. 2d 217; *Riley v. State,* 179 Md. 304, 18 A.2d 583. It is the validity of the seizure, however, rather than the validity of the warrant, that is controlling. *Leon v. State,* 180 Md. 279, 287, 23 A. 2d 706.

The proceeding in the case at bar was instituted as an action independent of the criminal case then pend-

144

ing, but in passing upon the application, under Section 306 of Article 27, the Court was exercising its criminal jurisdiction. While the judge is directed by that section to cause the property to be returned if he finds the warrant invalid for want of probable cause, and this would ordinarily be the end of the case, *Goodman v. State,* 178 Md. 1, 11 A. 2d 635; section 306 was not designed as a substitute for an action of replevin, or other appropriate proceeding, for the determination of the right to' possession of property after it has served its purpose as real evidence in a criminal case. Compare *Soper v. Michal,* 123 Md. 542, 91 A. 684. Of course, while the criminal case is pending, the articles cannot be replevied because they are in *custodia legis. Good v. Police Commissioners,* 137 Md. 192, 112 A. 294. We express no opinion as to whether the appellant would be entitled to a return of the property seized, upon demand made subsequent to his conviction.

*Appeal dismissed with costs to the appellee.*