## H. GRAFTON PENNY, ET AL. *v.* DEPARTMENT OF MARYLAND STATE POLICE, ET AL.

[No. 73, October Term, 1945.]

*Decided February 8, 1946.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, and HENDERSON, JJ.

*Charles E. Hogg* for the appellants.

*T. Barton Harrington, Assistant Attorney General,* with whom was *William Curran, Attorney General,* on the brief, for the appellees.

COLLINS, J., delivered the opinion of the Court.

The appellant, the plaintiff below, filed in the Circuit Court for Howard County on the law side on August 2, 1944, the original declaration in this case under the Uniform Declaratory Judgments Act, Chapter 294 of the

Acts of 1939, Code Article 31A. On November 25, 1944, a judgment was entered on demurrers in favor of the defendants for costs. On November 28, 1944, an amended declaration was filed and on December 7, 1944, the original judgment was stricken out by order of Court. Demurrers were filed to the amended declaration and on June 28, 1945, the Court sustained the demurrers to the amended bill but no judgment was entered. An appeal is taken to this Court from the sustaining of the demurrers to the amended declaration. It has been frequently held by this Court that a ruling on a demurrer to a declaration is not a final judgment from which an appeal lies. *Emersonian Apartments v. Taylor,* 132 Md. 209, 210, 103 A. 423; *Waddell v. Arnett,* 146 Md. 476, 477, 478, 126 A. 714; *Miller v. West,* 165 Md. 245, 248, 249, 167 A. 696; *Smith v. Baltimore & Ohio Railroad Co.,* 168 Md. 89, 91, 176 A. 642; *Walter v. Montgomery County,* 179 Md. 665, 668, 22 A. 2d 472; *Elkton Supply Co. v. Stubbiles,* 180 Md. 97, 99, 23 A. 2d 3. Article 31A, Section 7, the Uniform Declaratory Judgments Act aforesaid provides: "(Review.) All orders, judgments and decrees under this Article may be reviewed as other orders, judgments and decrees." The appeal must therefore be dismissed. We think, however, that the case should be discussed.

The amended declaration having been filed before the effective date, which was June 1, 1945, Chapter 724, Acts of 1945, is not applicable here.

The amended declaration filed under the Uniform Declaratory Judgments Act by the Board of County Commissioners of Howard County against the Department of Maryland State Police and Beverly Ober, the Superintendent thereof, and Otto Wachter alleges that on June 2, 1944, one Otto Wachter was operating a truck upon a public highway in Howard County and transporting therein forty-nine cases of Kinsey whiskey without having first obtained from the Comptroller of the State of Maryland a permit to do so, as required by Sec-

tion 2, Subsection (h), of Article 2B of the Annotated Code of Maryland, and the amendments thereof (Flack's 1939 Code and Supplement). While so operating the said truck he was arrested by police employees of the Department of Maryland State Police "acting as peace officers in and for Howard County" under the powers conferred by Section 21 of Article 88B of the Annotated Code of Maryland as amended and charged with a violation of Section 2, Subsection (h) of Article 2B aforesaid as amended. On the fifth day of June, 1944, the said Otto Wachter was tried before J. Lewis Thompson, a trial magistrate of the State of Maryland in and for Howard County, on said charge, at Elkridge, and was found guilty thereof and fined $1,000 and costs, which were paid and no appeal or other proceedings resulting from this conviction are pending. On the same day, June 2, 1944, the said police employees of the Department of Maryland State Police acting as peace officers aforesaid took into their possession for and on behalf of the proper authorities of Howard County the aforesaid forty-nine cases of Kinsey whiskey. On the fifth day of July, 1944, the said J. Lewis Thompson, magistrate as aforesaid, entered an order confiscating said whiskey for the use of the Board of County Commissioners of Howard County. After this whiskey had been so confiscated and while still in the possession of the Maryland State Police, the said Otto Wachter, through his attorney, made demand on the said Department of Maryland State Police for the return of the same and claimed to be the owner thereof. The said whiskey is still in the possession of the Department of Maryland State Police. The plaintiff, the Board of County Commissioners of Howard County, therein claimed property and right of possession of said whiskey. The declaration also stated that the Maryland State Police claim the right of possession and property of said whiskey by virtue of the provisions of Article 88B, Section 18A of the Annotated Code of Maryland as amended.

The plaintiff and appellant here prayed a judicial declaration as to the rights of the various parties to this proceeding in and to said forty-nine cases of Kinsey whiskey so as to terminate the uncertainty and controversy giving rise to this proceeding. Demurrers were filed by the Department of Maryland State Police and Beverly Ober, Superintendent. No plea or other declaration has been interposed by the defendant, Otto Wachter. The appeal to this Court is from the order sustaining the demurrers to the declaration.

The primary question therefore before us is whether the conviction of Otto Wachter for transportation of the whiskey in question was such an offense as to justify the trial magistrate in confiscating the whiskey. Section 2, subsection (h), of Article 2B (1943 Supplement to Flack's Code), under which Wachter was tried and convicted, provides as follows: "(Storage.) No license shall be required of a person to operate a public warehouse where alcoholic beverages are stored for the accounts of other persons, or to transport alcoholic beverages into, within, or out of the State of Maryland; but the Comptroller shall issue a permit at an annual fee of $5.00 to such persons for the transaction of such business under such rules and regulations as he may deem necessary." The penalty imposed for violation of any of the provisions of Section 2, *supra*, is a fine of not more than $1,000 or imprisonment for not more than two years in the House of Correction, or jail, or both fine and imprisonment. Section 2(m), Chapter 909 of the Acts of 1945 amending Article 2B effective June 1, 1945, providing for confiscation of alcoholic beverages in certain cases was not in effect at the time of this suit. It is admitted that the trial magistrate had no power by statute to confiscate the whiskey in this case.

Appellants rely strongly on the cases of *Police Commissioners v. Wagner*, 93 Md. 182, 183, 48 A. 455, and *Wagner v. Upshur*, 95 Md. 519, 52 A. 509. These cases involved the seizure by the Police Commissioners of a

musical slot machine without any arrest and conviction. As appellant points out, the Court said in the latter case, at page 522, of 95 Md., page 510 of 52 A., "The doctrines thus clearly announced in the former appeal conclusively settle the following propositions: First, that only such property or articles as are intended to be used in violation of law, and can be used for no legitimate purpose, can be summarily seized by the police authorities; and, secondly, that articles or property that may or may not be used for legal purposes cannot be seized until it has first been properly established that the article was procured, held, or used for an illegal purpose; and, thirdly, that in order to properly establish that the article was designed to be put, or has been put, to an illegal use, there must be a proceeding in a Court of criminal jurisdiction, and the question of the guilt or innocence of the owner of or person who uses the article cannot be determined in the replevin case."

In the case at bar there is no allegation that the whiskey can be used for no legitimate purpose. As pointed out by the trial Judge, whiskey upon which all State and Federal taxes have been paid is an article which can be put to a lawful use. This fact was recognized during national prohibition when physicians were permitted to prescribe whiskey for patients. It is not in the same class with burglars' tools, gambling devices, lottery tickets, slot machines, and roulette wheels, *Soper v. Michal,* 123 Md. 542, 543, 91 A. 684, which can be used for no legitimate purpose. Further the legislature, at the time this seizure was made, had not seen fit to authorize this confiscation, for the offense of which Wachter was convicted, as has been done in some cases where oyster boats, fishing boats, and equipment are engaged in illegal operations.

Conviction on the charge of transporting whiskey into, within, or out of the State of Maryland without a permit could not by itself establish the fact that the whiskey was procured, held, or used for an illegal purpose as

defined in the cases of *Police Commissioners v. Wagner,* 93 Md. 183, 48 A. 455, 52 L. R. A. 775, *supra,* and *Wagner v. Upshur,* 95 Md. 519, 52 A. 509, *supra.* An automobile, like whiskey, is an instrument which may or may not be used for legal purposes. It could hardly be contended that if the driver were convicted of operating an automobile without a license, as required by law, that such conviction would in itself establish the fact that the automobile was procured, held, or used for an illegal purpose such as to justify its confiscation without statutory authority. It is significant in the case at bar, from the information before us, that no effort has been made to confiscate the truck in which the whiskey was transported without a permit.

In the case of *Thatcher v. Weeks,* 79 Me. 547, 11 A. 599, a person arrested by an officer on a charge of beating drums in violation of an ordinance. The officer, after trial kept the drums on the grounds that he believed the accused would repeat the offense. The Court in that case pointed out that the principle thus contended for by the officer would enable him to keep the team of a person arrested for too fast driving, as long as he (the officer) believed, with reason, the owner would immediately repeat his offense of too fast driving if the team were restored to him. The Court there held that there was a material difference between articles that can have only an unlawful use, and articles in themselves innocent and even though the officer would be permitted to seize and hold articles susceptible of no legal use, the drums were not in that category. Likewise in the case at bar whiskey is not in that category.

It was said in the case of *Sentell v. New Orleans & C. R. Co.,* 166 U. S. 698, at page 705, 41 L. Ed. 1169, "It is true that under the fourteenth amendment no state can deprive a person of his life, liberty, or property without due process of law; but in determining what is due process of law we are bound to consider the nature of the property, the necessity for its sacrifice, and the

extent to which it has heretofore been regarded as within the police power. So far as property is inoffensive or harmless, it can only be condemned or destroyed by legal proceedings, with due notice to the owner, but so far as it is dangerous to the safety or health of the community, due process of law may authorize its summary destruction." See 16, C. J. S., *Constitutional Law*, Sec. 645.

It was pointed out in the case of *Deems v. Mayor & City Council of Baltimore*, 80 Md. 164, at page 173, 30 A. 648, 650, " 'Property of every kind,' says Mr. Justice Story, 'is held subject to those general regulations which are necessary for the common good and general welfare; and the legislature has the power to define the mode and manner in which every one may use his property.' 2 Story, Const." In the case at bar the legislature had not seen fit to provide for the confiscation upon conviction of the offense charged.

There being no allegation that the whiskey attempted to be confiscated was an article which could be used for no legitimate purpose, and we being of the opinion that conviction on the charge of transporting this whiskey without a permit does not by itself establish that the whiskey was procured, held, or used for an illegal purpose, and there being no statutory authority for confiscation at the time of the seizure, we are of the opinion that the trial magistrate had no authority to confiscate the whiskey in this case and therefore that the trial Judge was correct in sustaining the demurrers to the declaration.

As was said in *Wagner v. Upshur, supra*, 95 Md. 519, at page 523, 52 A. 509, 510, "It is hardly necessary to say that it is conceded that an article like the one which is the subject of this case may always be seized and held for use as evidence against the owner, possessor, or others, in a criminal proceeding against them or either of them." In the instant case, it appears from the declaration that the criminal proceeding is now at an end.

*Appeal dismissed with costs.*